IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE, <br><br> Plaintiff, <br><br> v. <br><br> GRASSROOTS ANALYTICS, INC., <br><br> Defendant. <br><br> GRASSROOTS ANALYTICS, INC., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE; PHIL EHR FOR SENATE CAMPAIGN COMMITTEE; PHIL EHR (INDIVIDUALLY) <br><br> Counterclaim-Defendants. | No.: 1:24-cv-03035-APM |

**GRASSROOTS ANALYTICS, INC.'S MOTION TO ENFORCE SERVICE AS TO COUNTERCLAIM-DEFENDANT PHIL EHR OR, IN THE ALTERNATIVE, TO <u>REOPEN AND EXTEND THE SERVICE DEADLINE UNDER FED. R. CIV. P. 4(m)</u>**

Pursuant to Federal Rule of Civil Procedure 4 and Local Civil Rule 7, Counterclaim-Plaintiff Grassroots Analytics, Inc. ("Grassroots Analytics") moves this Court for an order enforcing service as to Counterclaim-Defendant Phil Ehr.

As detailed below, Mr. Ehr is aware of this litigation—which his own congressional campaign initiated—and has been aware of Grassroots Analytics' attempts to serve its counterclaims on him for several months. The proper avenue for contesting service is to timely file a motion under Fed. R. Civ. P. 12(b)(5). Mr. Ehr's deadline to do so expired on March 13, but Mr.

1

Ehr did not challenge service by that date (or anytime since). The filing of a standalone declaration purporting to dispute service by the Phil Ehr for Congress Campaign Committee, a separate Counterclaim-Defendant which lacks standing to challenge service on Mr. Ehr, and which is represented by counsel who has expressly disclaimed that he represents Mr. Ehr, is inadequate to challenge service as a matter of law.

Nor does Mr. Ehr have a legitimate claim that service was improper. As shown below, Mr. Ehr was properly served in accordance with Fed. R. Civ. P. 4(e)(1) and/or Fed. R. Civ. P. 4(e)(2)(B). And even if the Court were to find something less than perfect technical compliance with the service rules, plenty of authority supports finding that Grassroots Analytics has nonetheless discharged its obligations under Rule 4. "Because service is not a 'cat-and-mouse game,' where defendants have received 'actual notice' of an action, the rules governing service of process should be 'liberally construed' to effect service." *Quinn Emanuel Urquhart & Sullivan, LLP v. Rosenthal-Hidalgo*, No. 1:19-CV-01331, 2020 WL 7386320, at *1 (D.D.C. July 24, 2020) (citation omitted). This conclusion is bolstered by facts suggesting that Mr. Ehr may be deliberately attempting to avoid service.

In the alternative, to the extent the Court determines that service has not yet been effectuated, Grassroots Analytics respectfully requests that the Court reopen and extend the service deadline under Fed. R. Civ. P. 4(m), and order that service may be made by alternative means.

## STATEMENT OF LOCAL CIVIL RULE 7(m) COMPLIANCE

As explained below, the Ehr Congressional Campaign and the Phil Ehr for Senate Campaign Committee (collectively, the "Ehr Campaign") lack standing to challenge the sufficiency of service of process on Phil Ehr, who is a separate counter-defendant. Nevertheless, out of an abundance of caution and pursuant to Local Rule 7(m), undersigned counsel contacted

counsel for the Ehr Campaign on the morning of March 19 to advise that they planned to file this motion and to ask if the Ehr Campaign intend to take a position on the motion. Counsel for the Ehr Campaign had not responded as of the date of this filing.

**BACKGROUND**

In July 2023, Phil Ehr announced his candidacy for the United States Senate. Several months later, Mr. Ehr announced that he was dropping out of the U.S. Senate race to run for Congress in Florida's 28th Congressional District, at which point he transferred his campaign assets from his Senate campaign committee to his Congressional campaign. *See* ECF No. 4 at 11–14. Mr. Ehr lost his congressional race in the general election, but has remained actively involved in Florida politics. Among other things, in December 2024, Mr. Ehr launched a Florida-focused Political Action Committee.[1]

While Mr. Ehr was running for the U.S. Senate, he and his campaign entered a series of contracts with Grassroots Analytics. Although Grassroots Analytics performed its material obligations under the Agreement, the Counterclaim Defendants have refused to pay amounts owed to Grassroots Analytics for these services.

On October 24, 2024, the Phil Ehr for Congress Campaign Committee (the "Ehr Congressional Campaign") filed this lawsuit against Grassroots Analytics alleging that Grassroots failed to fulfill certain contractual obligations and seeking rescission of the contract, among other remedies. *See* ECF No. 1. On December 13, 2024, Grassroots Analytics answered the complaint and filed counterclaims for breach of contract and unjust enrichment against the Ehr Campaign, and Phil Ehr in his individual capacity. *See* ECF No. 4. The Ehr Campaign was already a party to this lawsuit, but Mr. Ehr was not. Accordingly, during a meet and confer on December 30,

---

[1] *See* https://shorturl.at/N2Q95 (last visited March 23, 2025).

3

undersigned counsel for Grassroots Analytics asked counsel for the Ehr Campaign to contact Mr. Ehr to contact Mr. Ehr and ascertain whether the Ehr Campaign's counsel was authorized to accept service of the counterclaims on Mr. Ehr's behalf. The Ehr Campaign's counsel agreed to do so, while also relaying that Mr. Ehr had been in Ukraine and that it was unclear when he planned to return to the United States.

Undersigned counsel followed up several times with counsel for the Ehr Campaign about this service issue, including on January 2, 3, and 9. *See* Exhibit A at 2–3. On January 11, counsel for the Ehr Campaign responded to say: "At this point, I am not representing Mr. Ehr and have no authority to accept service on his behalf." *Id.* at 1–2. When asked for additional information "[t]o help facilitate service," counsel for the Ehr Campaign confirmed that he had spoken with Mr. Ehr, who reportedly was in the United Kingdom, and that he did not "know whether he has now returned to the US or what his plans are in that regard." *Id.* at 1.

Grassroots Analytics then engaged a process server and undertook an investigation to identify Mr. Ehr's current address. In addition, after confirming that Mr. Ehr was unrepresented by counsel, undersigned counsel sent a copy of the counterclaims by email on February 5 directly to Mr. Ehr at the personal email address that the Ehr Campaign had provided for Mr. Ehr in its Rule 26(a)(1) disclosures.[2] In that email, undersigned counsel asked Mr. Ehr whether he would accept service by email and, if not, to please provide a current physical address. *See* Exhibit B. Mr. Ehr did not respond.

Based in part on recent campaign finance reporting information provided by the Ehr Campaign, Grassroots Analytics identified what appeared to be a current Florida address for Mr.

---

[2] Those disclosures listed Mr. Ehr as an individual likely to have discoverable information, and included a personal email address, a telephone number in the United Kingdom, and a statement that Mr. Ehr had "no fixed address."

4

Ehr, which is the same address Mr. Ehr listed as his "legal residence" when he announced his candidacy for Congress in April 2024. *See* Exhibit C at 1. On February 20, 2025, a process server served a copy of the counterclaims at that address on Vanessa Brito, Mr. Ehr's Campaign Manager.[3] *See* ECF No. 12. In his supplemental service affidavit, attached as Exhibit D, the process server describes several facts suggesting that Ms. Brito was at least temporarily residing at the address: (i) she was inside the apartment on both occasions when the process server visited (the afternoon of February 13 and the morning of February 20), which one would not expect if she were just "checking in from time to time" on the apartment, ECF 13 ¶ 7; (ii) on one of those occasions, she appeared to have just emerged from the shower (which, again, would be unusual for someone who was just dropping by occasionally); (iii) Ms. Brito confirmed to the process server that she was staying at the apartment; and (iv) the process server stated that between his first visit on February 13 and the second visit on February 20, someone had hung Valentine's Day decorations at the apartment. *See* Exhibit D.

Based on the February 20 service date, Mr. Ehr's deadline to respond to the Counterclaims was March 13, 2025. *See id*; Fed. R. Civ. P. 12. Mr. Ehr did not respond by that date. The day after Mr. Ehr's response deadline expired, undersigned counsel contacted counsel for the Ehr Campaign by email to ask, once again, if he represents Mr. Ehr and, if not, whether he was aware if Mr. Ehr was represented by separate counsel. *See* Exhibit E. Counsel did not respond. Instead, late that night, the Ehr Campaign's counsel filed a standalone declaration, unattached to any motion or other filing, from Vanessa Brito purporting to challenge whether she had validly accepted service

---

[3] Although Ms. Brito attests that she "assisted on the Phil Ehr for Congress campaign" as a consultant, ECF No. 13 ¶ 3, her LinkedIn profile and public reporting state that she served as the "full time" "Campaign Manager" for the Phil Ehr for Congress Campaign since approximately April 2024. *See* https://shorturl.at/unGf5 & https://shorturl.at/j0Lwy.

5

on Mr. Ehr's behalf. *See* ECF No. 13. As shown below, that declaration was filed by the Ehr Campaign's counsel—who does not represent Mr. Ehr—on behalf of the Ehr Congressional Campaign only.

**Notice of Electronic Filing**

The following transaction was entered by Press, Daniel on 3/14/2025 at 10:17 PM and filed on 3/14/2025

| | |
|---|---|
| **Case Name:** | PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE v. GRASSROOTS ANALYTICS INC. |
| **Case Number:** | 1:24-cv-03035-APM |
| **Filer:** | PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE |
| **Document Number:** | 13 |

**Docket Text:**
AFFIDAVIT re [12] Summons Returned Executed *OF VANESSA BRITO REGARDING PURPORTED SERVICE* by PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE. (Press, Daniel)

Mr. Ehr has not personally contested service or otherwise appeared in this litigation.

## ARGUMENT

**I.    The Ehr Congressional Campaign's Filing of a Standalone Declaration Is Not A Valid Means of Challenging Sufficiency of Service of Process.**

To the extent the Ehr Campaign's (untimely) filing of the Brito Declaration, ECF No. 13, was intended to assert a challenge to service of process on Mr. Ehr, this fails for several reasons.

To start, the declaration was filed by counsel for the Ehr Campaign—who has repeatedly disclaimed that he represents Mr. Ehr—on behalf of the Ehr Congressional Campaign, which lacks standing to challenge service of process on Mr. Ehr. *See, e.g.*, *Bower v. Mirvat El-Nady Bower*, No. 10-cv-10405, 2011 WL 1253897, at *6 (D. Mass. Mar. 29, 2011) (defendant lacked standing to challenge service of process on co-defendant because "'[d]efects concerning service of process are waivable' and 'the right to waive these defects are personal to the party upon whom service of process is attempted.'") (quoting *Seguros Comerical Am., S.A. v. Am. President Lines, Ltd.*, 934 F.Supp. 243, 245 (S.D.Tex.1996)); 72 C.J.S. Process § 123 ("[Q]uestions regarding defective

6

service of process are personal to the person upon whom such defective service is made. Thus, the issue of defective service of process may ordinarily be raised only by the one on whom attempted service has been made, and it may not be raised by others.").[4]

In addition, the proper vehicle for challenging service of process is to timely file a motion under Federal Rule of Civil Procedure 12(b)(5). Mr. Ehr failed to file any such motion and the deadline to do so has expired. *See* Fed. R. Civ. P. 12(b) ("A motion asserting [insufficient service of process] must be made before pleading if a responsive pleading is allowed."); Fed. R. Civ. P. 12(h) ("A party waives any defense listed in Rule 12(b)(2)-(5)" by failing to raise in first responsive pleading). *See also, e.g.*, *Quinn Emanuel,* 2020 WL 7386320, at *3 (ordering that defendants "may not object to service"); *Bridges v. Poe*, No. 6:19-CV-01399, 2020 WL 3207278, at *3 (N.D. Ala. June 15, 2020) ("Challenges to service of process will be waived, however, if not raised under Federal Rule of Civil Procedure 12").

## II.  Grassroots Analytics Has Properly Served Mr. Ehr.

In any event, Mr. Ehr was properly served and lacks any basis to challenge service. "The Federal Rules of Civil Procedure endorse multiple ways to achieve service." *Ali v. Mid-Atl. Settlement Servs., Inc.*, 233 F.R.D. 32, 35–36 (D.D.C.), *amended on reconsideration*, 235 F.R.D. 1 (D.D.C. 2006), *vacated on other grounds sub nom. Ali v. Tolbert*, 636 F.3d 622 (D.C. Cir. 2011). Among these are "following state law for serving a summons in an action brought in courts of

---

[4] *See also Cheeks v. Belmar*, 331 F.R.D. 499, 502 n.2 (E.D. Mo. 2019) (county lacked standing to challenge sufficiency of service of process on individual defendants); *Aqua-Chem, Inc. v. Bariven, S.A.*, No. 3:16-CV-553, 2017 WL 10379636, at *4 (E.D. Tenn. Aug. 17, 2017) (one defendant lacked standing to challenge sufficiency of service of process one behalf of another defendant); *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 114 (S.D.N.Y. 2010) ("Co-defendants do not have standing to assert improper service claims on behalf of other defendants."); *Lamm ex rel. Doherty v. Bumbo, Bumbo Ltd.*, No. C 07-04807, 2008 WL 2095770, at *14 (N.D. Cal. May 14, 2008) (related but separate companies lacked standing to challenge service of process on one another's behalf).

general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), and/or "leaving a copy of [the initiating papers] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," Fed. R. Civ. P. 4(e)(2)(B).

Here, service was completed in Florida. Florida law provides that, "[i]f the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an executive office or mini suite, substituted service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served maintains a mailbox, a virtual office, or an executive office or mini suite at that location." Fl. Statute 48.031(6)(a). The only current address Grassroots Analytics identified for Mr. Ehr through a public records search was a Florida apartment that Mr. Ehr listed as his legal residence when he announced his candidacy for Congress, *see* Exhibit C, and which he apparently used as a virtual or executive office during his congressional campaign. *See* ECF No. 12; ECF No. 13 ¶ 4. The process server served Mr. Ehr's Campaign Manager at that address. That satisfies Fed. R. Civ. P. 4(e)(1) and Florida law.

The record also indicates that service alternatively complied with Fed. R. Civ. P. 4(e)(2)(B). Although Ms. Brito states in her declaration that the address where service was made is an apartment "used by the campaign as a meeting location," ECF No. 13 ¶ 4, Mr. Ehr attested when he announced his congressional bid that this address was his "legal residence." *See* Exhibit E. And the process server's supplemental declaration suggests Ms. Brito was residing at the address at the time service was made. *See* Exhibit D.

Even if the Court were to find that service here has not "complie[d] precisely with the

requirements of Rule 4(e)," it should find that Grassroots Analytics has nevertheless discharged its obligations under Rule 4. *See Ali*, 233 F.R.D. at 35 (noting that "[w]hether service is effective turns on the facts and circumstances of each case," and something less than technical compliance may be sufficient). "The rules governing service of process are not designed to create an obstacle course for plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *Id.* at 35–36 (citation omitted). *See also Reshard v. Stevenson*, No. CV 20-1212, 2020 WL 13048949, at *2 (D.D.C. Oct. 7, 2020) (similar). These rules instead are meant to "provid[e] a likelihood of bringing actual notice to the intended recipient." and "the provisions of Rule 4(e) should be liberally construed to effectuate service and uphold the jurisdiction of the court.'" *Ali*, 233 F.R.D. at 35–36 (internal quotation marks and citations omitted, cleaned up). Accordingly, "[w]here the defendant receives actual notice and the plaintiff makes a good faith effort to serve the defendant pursuant to the federal rule, service of process has been effective.'" *Ali*, 233 F.R.D. at 35–36 (*citing Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube, Inc.*, 107 F.R.D. 665, 671 (S.D.Fla.1985)).

Here, Mr. Ehr indisputably has notice of this litigation and Grassroots Analytics' counterclaims. Indeed, Mr. Ehr's Campaign initiated this lawsuit—presumably at Mr. Ehr's direction but at a minimum with his knowledge and consent—and representations made by the Ehr Campaign's counsel indicate that Mr. Ehr has known of the counterclaims since at least mid-January. *See, e.g.*, Exhibit A at 1–2. In addition, undersigned counsel sent a copy of the counterclaims directly to Mr. Ehr more than six weeks ago at a personal email address his campaign provided to Grassroots Analytics. And Ms. Brito's declaration indicates that she spoke with Mr. Ehr about the counterclaims and Grassroots Analytics' efforts to effect service. *See* ECF No. 13 ¶¶ 10–11.

The record also shows that Grassroots Analytics has been diligent in attempting to accomplish service,[5] despite the fact that Mr. Ehr is ignoring their direct attempts to contact and serve him, and the Ehr Campaign's counsel (presumably at Mr. Ehr's direction) has refused to provide any information that could help effectuate service, asserting at various times that he was in Ukraine or the United Kingdom, while at other times acknowledging that Mr. Ehr in fact is in the United States but declining to offer specifics.[6] To the extent Mr. Ehr is deliberately attempting to avoid service, that would further support a finding that Grassroots Analytics' efforts are sufficient. *Ali*, 233 F.R.D. at 36 ("Good faith efforts at service are effective particularly where the defendant has engaged in evasion, deception, or trickery to avoid being served."); *Avianca, Inc. v. Corriea*, No. CIV.A.85-3277, 1991 WL 496132, at *2 (D.D.C. May 31, 1991) (finding that where defendant was aware of lawsuit and appeared to be purposefully attempting to evade service, service was effective even though not personal on defendant); *Wood v. Netflix, Inc.*, No. 822CV02431, 2023 WL 4107148, at *1 (M.D. Fla. June 21, 2023) ("The court will not require a plaintiff to expend limitless resources to serve a defendant with actual notice of suit and who

---

[5] As explained elsewhere in this motion, these efforts include: (i) following up numerous times with counsel for the Ehr Campaign to ascertain whether he represented Mr. Ehr in his individual capacity and would accept service on his behalf; (ii) requesting numerous times that the Ehr Campaign's counsel provide information about Mr. Ehr's current address and/or whereabouts; (iii) sending a copy of the counterclaims directly to Mr. Ehr's valid personal email address once it was clear he was unrepresented by counsel; and (iv) engaging a process server to complete personal service at the only valid address Grassroots Analytics was able to identify from public records.

[6] For example, the Ehr Campaign's counsel contacted counsel for Grassroots Analytics on March 17 to request an extension of time to respond to Grassroots Analytics' discovery requests, stating that he had been unable to obtain input from Mr. Ehr and Ms. Brito because they reportedly are currently campaigning in Florida. Ms. Brito attested on March 14 that Mr. Ehr was then "currently out-of-state (in Ohio)," had recently been in Maryland, and has been traveling "in and out of Florida." ECF No. 13 ¶ 5. Neither Mr. Ehr nor counsel for the Ehr Campaign have ever responded to undersigned counsel's requests for an address or more specific information about Mr. Ehr's whereabouts.

intentionally evades service.").[7]

### III. In the Alternative, the Court Should Extend the Service Deadline And Permit Service By Alternative Means.

To the extent the Court is not satisfied on this record that service was proper, Grassroots Analytics respectfully requests that the Court extend the service deadline under Fed. R. Civ. P. 4(m), and order that service may be made by alternative means, including by email.

As noted above, Grassroots Analytics filed its counterclaims on December 13, 2024. ECF No. 4. The service deadline expired 90 days later, on March 13, 2025. *See* Fed. R. Civ. P. 4(m). As Rule 4(m) states, "if the plaintiff shows good cause for the failure in service, the court must extend the time for service for an appropriate period." "Good cause arises when a plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances." *Raynor v. District of Columbia*, 296 F. Supp. 3d 66, 72 (D.D.C. 2017) (granting extension where "Plaintiff was diligent in her efforts to effect service") (internal quotation marks omitted).[8] Where a plaintiff shows good cause, the extension is mandatory. Even where a plaintiff cannot show good cause for failure to timely complete service, this Court maintains discretion to extend the deadline, and the D.C. Circuit has instructed that "when there exists a reasonable prospect that service can be obtained," an extension is the proper course. *Barot v. Embassy of the Republic of Zambia*, 785

---

[7] *See also, e.g.*, *Allegheny Int'l Servs. (ME), LLC v. Flynn*, No. 8:18-CV-1568, 2018 WL 4565744, at *1 (M.D. Fla. Sept. 24, 2018) (where defendant evaded service and had notice of lawsuit, email service was sufficient); *TRW, Inc. v. Derbyshire,* 157 F.R.D. 59, 60 (D. Colo. 1994) (denying motion to quash service of process where defendant refused to provide current address or give counsel authority to accept service on his behalf, finding that "defendant has received actual notice of this action and that he is purposely attempting to evade service of process as a means of delaying the inevitable").

[8] In *Raynor*, the court further ordered the defendant to "provide Plaintiff with any information in its possession that may assist" in effecting service. 296 F. Supp. 3d at 73. And even before court intervention, the defendant had provided the plaintiff with the defendant's home address.

11

F.3d 26, 29 (D.C. Cir. 2015) (internal quotation marks omitted). As detailed above, Grassroots Analytics has been diligently attempting to serve Mr. Ehr, and satisfies the good cause standard.

In addition, because service rules "are not meant to be employed to impose unnecessary burdens on plaintiffs seeking their day in court," *Klaproth L. PLLC v. Sanders*, No. 21-CV-1707, 2021 WL 9569642, at *4 (D.D.C. Oct. 7, 2021), courts have broad discretion "to fashion alternative methods of service so long as the method is 'reasonably calculated, under all the circumstances, to apprise the interested part[y] of the pendency of the action and afford [him] an opportunity to present [his] objections,'" *Avianca*, 1991 WL 496132, at *5 n.15 (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). Exercise of that discretion is particularly appropriate where a defendant appears to be attempting to avoid service. *Klaproth*, 2021 WL 9569642, at *4 ("Evidence of evasion could be the basis for an order under Rule 4(f)(3) permitting alternative means for service, including via email."). Here, as noted above, Mr. Ehr has known for months that Grassroots Analytics has been attempting to serve its counterclaims on him. And there is no question that Mr. Ehr is reachable by email; Mr. Ehr's personal email address is the contact method the Ehr Campaign provided for him in its initial disclosures.

Under these circumstances, permitting service by email would be appropriate, and would best effectuate the goal of Fed. R. Civ. P. 1 to "secure the just, speedy, and inexpensive determination of every action[.]" *See also e.g.*, *Quinn Emanuel*, 2020 WL 7386320, at *1 (authorizing alternative service where plaintiff made a good faith effort at service and alternative means was reasonably calculated to give actual notice); *F.T.C. v. PCCare247 Inc.*, No. 12 CIV. 7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (permitting service by email where plaintiff identified email addresses for each defendant and presented evidence that "demonstrated a high likelihood that defendants will receive and respond to emails sent to these addresses").

## CONCLUSION

For the foregoing reasons, Grassroots Analytics respectfully requests that this Court (i) find that Mr. Ehr was properly served, either on February 5 when he was sent a copy of the complaint at his personal email address or when his Campaign Manager was served at his Florida address on February 20, and (ii) order Mr. Ehr to answer the complaint within whatever time period the Court deems appropriate. In the alternative, if the Court is not satisfied that service was proper, Grassroots Analytics respectfully requests that this Court extend the service deadline under Fed. R. Civ. P. 4(m), and confirm that service may be made by alternative means, including by email.

DATED: March 25, 2025

Respectfully Submitted,

By: /s/ Kathryn Ali
Kathryn Ali (D.C. Bar No. 994633)
Elizabeth Lockwood (D.C. Bar No. 1029746)
Meghan Palmer (D.C. Bar No. 1736144)
Ali & Lockwood LLP
501 H Street NE, Suite 200
Washington, D.C. 20002
(202) 651-2475
katie.ali@alilockwood.com
liz.lockwood@alilockwood.com
meghan.palmer@alilockwood.com

Mark A. Lancaster (D.C. Bar No. 1620256)
General Counsel
Grassroots Analytics, Inc.
mlancaster@grassrootsanalytics.com

*Counsel for Defendant-Counterclaimant Grassroots Analytics, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 25, 2025 I served a true and correct copy of the foregoing via electronic mail on Counterclaim-Defendant Phil Ehr at the personal email address provided by counsel for Mr. Ehr's congressional campaign. Pursuant to Local Rule 5.4(d)(1) and Fed. R. Civ. P. 5(b), I also caused a copy of this filing to be sent to Mr. Ehr's last known address on March 25, 2025.

      /s/ *Kathryn Ali*

      Kathryn Ali
      *Counsel for Grassroots Analytics, Inc.*