IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE,<br><br>*Plaintiff*,<br>v.<br><br>GRASSROOTS ANALYTICS, INC.,<br><br>*Defendant*.<br>GRASSROOTS ANALYTICS, INC.,<br><br>*Counterclaim-Plaintiff*,<br>v.<br><br>PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE; PHIL EHR FOR SENATE CAMPAIGN COMMITTEE; PHIL EHR (INDIVIDUALLY)<br><br>*Counterclaim-Defendants*. | Civil Action No. 1:24-cv-03035-APM |

**MOTION TO EXTEND DEADLINE TO ADD OR SUBSTITUTE PARTIES,
AND FOR OTHER RELATED RELIEF**

When the Phil Ehr for Congress Campaign Committee (the "Ehr Congressional Campaign")[1] filed this litigation, it identified itself as a "Florida unincorporated association" in the case caption. Because Florida unincorporated associations cannot sue or be sued, counsel for Grassroots Analytics, Inc. ("Grassroots Analytics") requested clarity as to whether the Campaign is, in fact, a Florida unincorporated association and, if so, cooperation from the Ehr Campaign to identify and substitute the proper parties in this action. Undersigned counsel has contacted the Ehr Campaign's counsel more than half a dozen times over the past six weeks in an effort to get to the

---

[1] It is Grassroots Analytics' understanding that the Phil Ehr for Congress Campaign Committee and Phil Ehr for Senate Campaign Committee are successor organizations and essentially a single entity. References to the "Campaign Committee" or "Campaign Counsel" refer to both Campaigns.

1

bottom of this issue, without success. Accordingly, Grassroots Analytics respectfully requests that the Court extend the deadline to add or substitute parties from April 18, 2025, to May 20, 2025. And because efforts to resolve this issue without the Court's involvement have been unsuccessful, Grassroots Analytics further requests that the Court direct the Ehr Congressional Campaign to: (i) file a notice confirming what law the Campaign is organized under and, (ii) if it is not a Florida unincorporated association, correct the case caption.

Pursuant to Local Rule 7(m), counsel for Grassroots Analytics contacted counsel for the Ehr Congressional Campaign in advance of filing this motion. Campaign counsel declined to stipulate to a further extension of the operative deadline pursuant to the Court's Scheduling Order, ECF No. 11, and indicated that the Campaign would oppose this motion.

In support of its request, Grassroots Analytics states the following:

1. On October 24, 2024, the Ehr Congressional Campaign filed this lawsuit against Grassroots Analytics. ECF No. 1. As shown below, the caption of the Complaint identifies the Campaign as "a Florida Unincorporated Association." *Id.* at 1.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

PHIL EHR FOR CONGRESS CAMPAIGN
COMMITTEE, a Florida Unincorporated
 Association
PO Box 5651
Tallahassee, FL 32314
            Plaintiff,

v.                                                              Civil Action No. _____

GRASSROOTS ANALYTICS, INC., a
Delaware Corporation
806 7th Street NW, Suite 300
Washington DC 20001
        Serve: CORPORATION SERVICE
            COMPANY, Reg. Agt.
        1090 VERMONT AVE. NW
        Washington DC 20005
            Defendant.

COMPLAINT
AND JURY DEMAND

2. The "PARTIES" section of the Complaint, however, identifies the Ehr Congressional Campaign as "an unincorporated association formed by operation of federal campaign law." Compl. ¶ 8.

3. On December 13, 2024, Grassroots Analytics answered the Complaint and filed Counterclaims against the Ehr Congressional Campaign, the Phil Ehr for Senate Campaign Committee, and Phil Ehr in his individual capacity. *See* ECF No. 4.

4. On March 5, counsel for Grassroots Analytics raised with counsel for the Ehr Congressional Campaign that Florida unincorporated associations may only sue or be sued through their individual members,[2] *see* Ex. A at 2–3, to which Campaign Counsel responded: "It's organized under Federal law," *id.* at 2. Undersigned counsel then pointed out that the Ehr Congressional Campaign had identified itself in the case caption as a Florida unincorporated association, and asked whether the caption was incorrect. *Id.* Campaign Counsel responded: "Probably." *Id.* at 1. Counsel for Grassroots Analytics then followed up to ask for more certain clarification, noting "[a]t a minimum it seems like the caption will need to be cleaned up. But I would like to be sure there are not bigger issues that need to be addressed." *Id*.

5. After Counsel for the Ehr Congressional Campaign did not respond, Grassroots Analytics' counsel followed up again on March 10, 12, and 14, in advance of the then-looming March 24 deadline to add or substitute parties. *Id.*

---

[2] *See, e.g.*, *Asociacion de Perjudicados Por Inversiones Efectuadas En U.S.A. v. Citibank, F.S.B.*, 770 So.2d 1267 (Fla. 3d DCA 2000). To be clear, it is Grassroots Analytics' position that the restrictions on Florida unincorporated associations' ability to sue or be sued is waivable—and was waived here when the Campaign filed this suit. But until and unless the parties stipulate that the Committees either are not Florida unincorporated associations or that they will not raise their corporate form as a shield to prevent Grassroots Analytics' eventual recovery, Grassroots Analytics must be given the opportunity to ensure that the proper parties are before the Court.

6. On March 17, Campaign Counsel responded that he "believe[d] it's governed by Federal Election law," but that he was "still working on" the issue. Ex. B at 4. The parties spoke by telephone the same day, during which Campaign Counsel stated he needed additional time to get to the bottom of the issue (and to respond to Grassroots Analytics' discovery requests) because Phil Ehr and others were campaigning in Florida and would be largely or entirely unavailable until after Florida's special election for open seats in the U.S. House of Representatives on April 1. *See id.* at 3–4. The parties accordingly agreed to extend the substitution deadline until after the special election, *see* ECF No. 15, which the Court granted by Minute Order on March 19, 2025.

7. After the special election date passed, counsel for Grassroots Analytics contacted Campaign Counsel about this issue on three more occasions—April 3, April 11, and April 15—with no response. *See* Ex. B at 2.

8. On April 17, undersigned counsel contacted Campaign Counsel once more to state that Grassroots Analytics planned to file this motion, and to request the Campaign's position on the requested relief. *Id.* at 1. Campaign Counsel responded to indicate that they opposed an extension and that they "believe the proper party is before the court." *Id.* at 1. Undersigned counsel immediately responded to request further clarification—*i.e.*, is the Campaign a Florida unincorporated association or not—to which the Campaign's counsel did not respond. *See id.*

9. On April 17, once it became clear that Campaign's Counsel would not provide the clarification that had been promised or otherwise cooperate in Grassroots Analytics' efforts to resolve this issue, Grassroots Analytics served interrogatories on the Phil Ehr for Congress Campaign Committee and Phil Ehr for Senate Campaign Committee that request information confirming whether the Ehr Campaign Committees are Florida Unincorporated Associations,

and if so to identify all current and former members of the Committees.[3] This discovery will assist Grassroots Analytics in assessing whether it is necessary to amend their Counterclaims.

10. Notwithstanding the efforts described above, Grassroots Analytics has been unable to get a clear answer as to what law the Plaintiff-Counterclaim-Defendant Ehr Congressional Campaign is organized under, and whether the proper parties are identified in the Ehr Congressional Campaign's Complaint and Grassroots Analytics' counterclaims. Accordingly, Grassroots Analytics respectfully requests that the Court extend the deadline to add or substitute parties from April 18, 2025 to May 30, 2025. Grassroots Analytics has been diligent in its efforts to resolve this issue, and does not make this extension request for any improper purpose or delay.

11. Grassroots Analytics further requests that the Court order the Ehr Campaign to: (i) file a notice confirming what law the Campaign is organized under and, (ii) if it is not a Florida unincorporated association, correct the case caption and make any other necessary corrections.

DATED: April 17, 2025

Respectfully Submitted,

By: /s/ Kathryn Ali
Kathryn Ali (D.C. Bar No. 994633)
Elizabeth Lockwood (D.C. Bar No. 1029746)
Meghan Palmer (D.C. Bar No. 1736144)
ALI & LOCKWOOD LLP
501 H Street NE, Suite 200
Washington, D.C. 20002
(202) 651-2475
katie.ali@alilockwood.com
liz.lockwood@alilockwood.com
meghan.palmer@alilockwood.com

---

[3] Because the Campaign Committees' corporate form potentially affects all parties' claims, Grassroots Analytics had hoped to be able to avoid issuing unnecessary discovery requests, particularly given Campaign Counsel's representations that he was looking into the issue, which is why these requests were not issued until now.

                                                  Mark A. Lancaster (D.C. Bar No. 1620256)
                                                  General Counsel,
                                                  Grassroots Analytics, Inc.
                                                  mlancaster@grassrootsanalytics.com

*Counsel for Defendant-Counterclaimant Grassroots Analytics, Inc*