### UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

**PHIL EHR FOR CONGRESS CAMPAIGN
COMMITTEE,**
             **Plaintiff,**

                                        **Civil Action No.: 1:24-cv-03035-APM**

**v.**

**GRASSROOTS ANALYTICS, INC.,**
             **Defendant.**

### RESPONSE TO MOTION TO EXTEND DEADLINE TO ADD OR SUBSTITUTE PARTIES,   AND FOR OTHER RELATED RELIEF

COMES NOW the Plaintiff, and in response to the Motion to Extend Deadline to Add or

Substitute Parties, and for Other Related Relief states as follows:

The concern that Defendant expresses to justify its requested relief, that Plaintiff

identified itself as a "Florida unincorporated association" in the caption and, it says, Florida

unincorporated associations cannot sue or be sued.   The entire premise of its motion is false.

Under Fed. R. Civ. P. 17(b)(3):

(b) Capacity to sue or be sued is determined as follows:

   (3) for all other parties, by the law of the state where the court is located,
   except that:

      (A) a partnership or other unincorporated association with no such capacity
      under that state's law may sue or be sued in its common name to enforce a
      substantive right existing under tlae United States Constitution or laws;

This Court is located in the District of Columbia, so DC and not Florida law determines

the capacity of the Plaintiff to sue and be sued.    DC Code § 29-1109(a) provides that "[a]n

unincorporated nonprofit association shall have the capacity to sue and be sued in its own name."

Plaintiff is a nonprofit organization – a federal Congressional campaign committee – and thus

falls squarely within that provision, whether organized under federal or Florida state law.

Plaintiff further notes that Defendant in its Answer did not raise lack of capacity to sue as required by Fed. R. Civ. P. Rule 9(a)(1).    Such a defense is waived if not raised in a party's pleadings.  *RK Co. v. See*, 622 F. 3d 846, 849 n.2 (7th Cir. 2010); *Summers v. Interstate Tractor & Equip. Co*., 466 F.2d 42, 49-50 (9th Cir.1972); *Giron v. Zeytuna, Inc*., 597 F. Supp. 3d 29, 62-63 (D.D.C. 2022).

Given that the entire premise of Defendant's motion is incorrect, the requested extension should be denied so as not to delay this action between the parties to the agreement at issue.

DATED :    May 1, 2025

Respectfully submitted,

*/s/ Daniel M. Press*
Daniel M. Press
D.C. Bar No. 419739
CHUNG & PRESS, P.C.
6718 Whittier Avenue, # 200
McLean, VA 22101
Ph. # 703-734-3800
Fax # 703-734-0590
dpress@chung-press.com