IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE, <br><br> *Plaintiff*, <br> v. <br><br> GRASSROOTS ANALYTICS, INC., <br><br> *Defendant*. <br> GRASSROOTS ANALYTICS, INC., <br><br> *Counterclaim-Plaintiff*, <br> v. <br><br> PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE; PHIL EHR FOR SENATE CAMPAIGN COMMITTEE; PHIL EHR (INDIVIDUALLY) <br><br> *Counterclaim-Defendants*. | Civil Action No. 1:24-cv-03035-APM |

**RESPONSE TO OPPOSITION TO MOTION TO EXTEND DEADLINE AND NOTICE OF WITHDRAWAL OF MOTION TO EXTEND DEADLINE**

Grassroots Analytics, Inc. ("Grassroots Analytics") filed its Motion to Extend Deadline to Add or Substitute Parties after weeks of attempting to resolve the underlying issue directly with counsel for the Phil Ehr for Congress Campaign Committee (the "Campaign"). As it raised with the Campaign, Grassroots Analytics had concerns about whether the Campaign had the capacity to sue or be sued, and wanted to ensure that the proper parties were named in the Complaint and Counterclaims. After initially raising the issue by email in early March, Grassroots Analytics contacted the Campaign seven times over the next six weeks, most of which the Campaign did not respond to. Mot. ¶¶ 4–8; Ex. A at 1–3; Ex. B at 1–6. The only substantive response the Campaign provided was to say that the Campaign was "organized under federal law" and that the statement

1

in the Complaint that the Campaign was a Florida unincorporated association was "probably" incorrect. *Id.* ¶ 4; Ex. A at 1–2; Ex. B at 4–5.

Grassroots Analytics' sole aim in filing this motion was to ensure the parties had time to sort the issue out to prevent any issues down the road in this litigation or post-judgment. It was not trying to use the motion for any sort of litigation advantage, for delay, or to raise the capacity point as an affirmative defense, as the Campaign suggests in its brief. Grassroots simply wanted to ensure that the proper parties were named in the Complaint and Counterclaims. And Grassroots sought persistently to resolve the issue privately, without court intervention.

In its opposition to Grassroots Analytics' extension motion, counsel for the Campaign provided for the first time an explanation for why the Campaign has capacity to sue and be sued under District of Columbia law. Now that the Campaign has provided a substantive response to the question Grassroots Analytics raised in early March, it seems that the issue has been resolved, and Grassroots Analytics accordingly withdraws its request for an extension. Grassroots regrets that it had to burden the Court with this in order to elicit a substantive response from the Campaign.

DATED: May 2, 2025                                             Respectfully Submitted,

By: /s/ *Kathryn Ali*
Kathryn Ali (D.C. Bar No. 994633)
Elizabeth Lockwood (D.C. Bar No. 1029746)
Meghan Palmer (D.C. Bar No. 1736144)
ALI & LOCKWOOD LLP
501 H Street NE, Suite 200
Washington, D.C. 20002
(202) 651-2475
katie.ali@alilockwood.com
liz.lockwood@alilockwood.com
meghan.palmer@alilockwood.com

Mark A. Lancaster (D.C. Bar No. 1620256)

General Counsel,
Grassroots Analytics, Inc.
mlancaster@grassrootsanalytics.com

*Counsel for Defendant-Counterclaimant Grassroots Analytics, Inc*