UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE **Plaintiffs**, v. GRASSROOTS ANALYTICS, INC., **Defendant**. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 24-cv-3035 (APM) |
| GRASSROOTS ANALYTICS, INC., **Counterclaim-Plaintiff**, v. PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE; PHIL EHR FOR SENATE CAMPAIGN COMMITTEE; PHIL EHR (INDIVIDUALLY), **Counterclaim-Defendants**. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |  |

## ORDER

Before the court is Counterclaim-Plaintiff Grassroots Analytics, Inc.'s Motion to Enforce Service as to Counterclaim-Defendant Phil Ehr or, in the Alternative, to Reopen and Extend the Service Deadline Under Fed. R. Civ. P. 4(m), ECF No. 16 [hereinafter Mot.]. As explained below, the court denies the motion to enforce but will grant Grassroots Analytics ("Grassroots") additional time to complete service on Ehr and do so by alternative means.

I.

"By the plain text of Rule 4, the plaintiff has the burden to 'demonstrate that the procedure employed to deliver the papers satisfies the requirements of the relevant portions of Rule 4.'" *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (internal citation omitted). To meet its burden, Grassroots relies on both Federal Rule of Civil Procedure 4(e)(2)(B) and Florida Statutes § 48.031(6)(a). Mot. at 8. Grassroots has not satisfied either.

*First*, Grassroots has not established that the Florida apartment where it delivered process is Ehr's "dwelling or usual place of abode." Fed. R. Civ. P. 4(e)(2)(B). Grassroots relies on a Candidate Oath form signed by Ehr that identifies the Florida apartment as his "Address of Legal Residence." Mot., Ex. C, ECF No. 16-3. But Ehr completed that form over a year ago in April 2024. *Id.* Ehr also has attested he has "not been resident at the apartment . . . since shortly after the November 2024 election." Stmt. of Phil Ehr, ECF No. 17-1, ¶ 5. Grassroots has offered no evidence to rebut Ehr's representation.

Grassroots urges that strict compliance with Rule 4 is not essential and that the court should find that it has substantially complied with its requirements. Mot. at 8–9. Grassroots, however, cites no case in which a court has found service completed under Rule 4(e)(2)(B) when the place of service was somewhere other than a *current* residence. *Cf. Cherry*, 2018 WL 11386839, at *4–5 (declining to find compliance despite service at an address identified in court records when the defendant swore that he no longer lived there). The court declines to find substantial compliance with Rule 4(e)(2)(B).

*Second*, Grassroots has not demonstrated compliance with Florida Statutes § 48.031(6)(a). That provision provides:

> If the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an

> executive office or mini suite, substituted service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served maintains a mailbox, a virtual office, or an executive office or mini suite at that location.

*Id.* Grassroots contends that the Florida apartment operated as "a virtual or executive office during [Ehr's] congressional campaign." Mot. at 8. Section 48.031(6)(b) defines the terms "virtual office" and "executive office" and, to qualify as either one, the office must be a location "where all communications are routed through a common receptionist." Grassroots has not, however, offered any evidence to satisfy that definitional requirement. It therefore cannot rely on § 48.031(6)(a). *See Epstein v. Brunel*, 271 So. 3d 1173, 1175 (Fla. Dist. Ct. App. 2019) (Under Florida law, "service of process requirements must be strictly complied with.").

## II.

But all is not lost. Grassroots has shown reasonable diligence in attempting to serve Ehr, *see* Mot. at 3–6 (describing efforts), which allows the court to make a good-cause finding under Rule 4(m) and extend the time to complete service. *See Corsi v. Mueller*, 422 F. Supp. 3d 51, 61 (D.D.C. 2019). Further, Rule 4 permits a party in this court to serve process under the laws of the District of Columbia. Fed. R. Civ. P. 4(e)(1). The D.C. Superior Court Rules of Civil Procedure allow plaintiffs to use "alternative methods of service" on individuals "[i]f the court determines that, after diligent effort, a party has been unable to accomplish service by" otherwise authorized means. D.C. Super. Ct. R. Civ. P. 4(e)(3)(A). Grassroots has made such "diligent effort" and has not succeeded in serving Ehr. *See* Mot. at 3–6.

One recognized method of alternative service is by electronic mail, so long as the serving party: "(a) shows that the party to be served used this method for successful communication within the past 6 months; and (b) sends a copy, by first class mail, to the last-known business or residential

3

address of the person to be served[.]" *Id.* § 4(e)(3)(B)(ii).  Thus far, Grassroots has satisfied the first of these conditions and still may satisfy the second.

Grassroots has shown that Ehr uses a Gmail account for communications within the past 6 months.  The court so finds based on (1) a Rule 26(a)(1) disclosure made by Plaintiff Ehr Campaign identifying the Gmail address as a way to reach Ehr and (2) a message sent to that email address on February 5, 2025, that did not bounce back.  Further, the Ehr Campaign's counsel of record now acknowledges that he also serves Ehr's individual counsel, Joint Status Report, ECF No. 23, ¶ 4, and he has not amended the Campaign's Rule 26(a)(1) disclosure to reflect a different email address for Ehr.

As for the second condition, Grassroots has not indicated that it has attempted to serve Ehr by first-class mail at his last known residence.  But that is not fatal, as the court reads D.C. Superior Court Civil Rule 4(e)(3)(B)(ii)'s mailing requirement as something that can occur simultaneously with service by email.  D.C. Super. Ct. R. Civ. P. 4(e)(3)(B)(ii)(b) (requiring only that the serving party "sends a copy" of process without specifying when that must occur).

### III.

For the foregoing reasons, Grassroot's motion is granted in part and denied in part.  The court declines to enforce the service thus far attempted, but pursuant to Rule 4(m) grants Grassroots an additional 30 days to accomplish service consistent with D.C. Superior Court Rule of Civil Procedure 4(e)(3)(B)(ii).  Grassroots shall file proof of service by email and satisfaction of the first-class mailing requirement.

Dated: June 12, 2025

Amit P. Mehta
United States District Court Judge