UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE,**
        Plaintiff,

v.

**GRASSROOTS ANALYTICS, INC.,**
        Defendant.

Civil Action No.: 1:24-cv-03035-APM

-

**COUNTERCLAIM-DEFENDANT PHIL EHR'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM FOR LACK OF PERSONAL JURISDICTION WITH INCORPORATED MEMORANDUM OF POINTS & AUTHORITIES**

In accordance with the *Federal Rule of Civil Procedure* 12 (b) (2), Counterclaim Defendant Phil Ehr hereby submits this Motion to Dismiss for Lack of Personal Jurisdiction. Pursuant to *Local R.* 7 (a), Commander Ehr has incorporated a Memorandum of Points and Authorities in support of the instant Motion.

Commander Phil Ehr seeks the Entry of an Order Dismissing Counterclaim Defendant Phil Ehr as a Party in the Instant Civil Action, because this Court is without personal jurisdiction over Phil Ehr. In support of this application to the Court, Phil Ehr submits the incorporated Memorandum of Points & Authorities and his Declaration.

1

**COUNTERCLAIM DEFENDANT PHIL EHR'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS**

In accordance with *U.S. District Court for the District of Columbia Local Rule* 7 (a), Counterclaim Defendant Phil Ehr submits this Memorandum of Points & Authorities in support of his Motion to Dismiss, with a supporting Declaration.

**RELEVANT PROCEDURAL HISTORY**

This civil action was commenced by the filing of its Complaint (ECF 1) in October, 2024, by Plaintiff PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE, based upon grossly inadequate political fundraising services provided by Defendant GRASSROOTS ANALYTICS, INC., during the 2023-24 federal election cycle.  In December, 2024, Defendant Grassroots Analytics, Inc.,[1] filed its Answer, Affirmative Defenses, and Counterclaims (ECF 4, filed December 13, 2024).   In this responsive pleading, the defendant designated Commander Ehr as a "counterclaim defendant."

**FACTUAL BACKGROUND**

The Facts delineated herein are based on selected admissions and allegations contained in Defendant G.A.'s Answer, Affirmative Defenses, and Counterclaims (ECF 4), accepted for the purposes of this motion as true, and the statements made in the Declaration of Phillip C. Ehr, dated July 9, 2025 (hereinafter "Ehr Decl."), filed along with the instant Motion.

---

[1] The Defendant shall be designated in the balance of this motion as either "Grassroots Analytics" or as "Defendant G.A."

Plaintiff Phil Ehr for Congress Campaign Committee,[2] by and through a campaign consultant named David Keith, entered into an agreement with Defendant Grassroots Analytics, whereby Defendant G.A. would provide fundraising services through a text message campaign.[3] Upon demand, the Plaintiff Committee paid over a quarter-million dollars[4] for services that ultimately proved woefully deficient. Plaintiff received multiple invoices from defendant G.A.,[5] which resulted in an attempt to resolve the claims in December, 2023.[6] This endeavor to resolve the dispute was not successful, and the instant litigation has thereby arisen.

**Facts Relating to General Jurisdiction**

Phil Ehr is a United States citizen, born in Colorado. He has had a domicile in the State of Florida since 1984.[7] He has never been domiciled in the District of Columbia, nor has he ever registered to vote in D.C. or had a driver's license issued by the District.[8] Phil Ehr has never owned or leased residential or commercial real estate within the District of Columbia.[9]

---

[2] Prior to October 2023 Commander Ehr's campaign committee was designated publicly and in Federal Election Commission filings as the "Phil Ehr for Senate Campaign Committee."

[3] See Answer & Counterclaim, ECF 4, at 11, ¶ 10.

[4] As acknowledged by Defendant G.A. in its Answer, Plaintiff campaign committee paid $254,989.83 in August 2023 (see Answer & Counterclaim, ECF 4, at 4 - 5, ¶ 18, and at 12, ¶ 15.

[5] See Answer & Counterclaim, ECF 4, at 12, ¶¶ 15 - 19.

[6] See Answer & Counterclaim, ECF 4, at 5, ¶ 24.

[7] See Ehr Decl., at 1, ¶ 2.

[8] See Ehr Decl., at 2, ¶ 4.

[9] See Ehr Decl., at 2, ¶ 5.

**Facts Relating to Specific Jurisdiction**

Phil Ehr has no business ties to the District of Columbia.[10]  Since his departure from assignments at the Pentagon and then the U.S. Navy Yard, ending in 1995, Phil Ehr has had no ties to the District of Columbia that might serve as the basis for personal jurisdiction predicated on the concept of "specific jurisdiction."  Phil Ehr has not: contracted to supply commercial services;[11] contracted to act as an insurer or surety;[12] committed any tort(s);[13] or transacted any other business within the District since 1995.[14]

**Facts Relating to Alleged Business Address**

Commander Phil Ehr asserts that neither he, nor the campaign committee that engaged in the filing of statutorily-mandated documents with the Federal Election Commission in the 2023-24 election cycle, maintained business premises in Washington, D.C.[15]  Commander Ehr further states that the "registered business address" referenced in defendant G.A.'s Counterclaim[16] is actually the address of Katz Compliance, the campaign committee's

---

[10]  See Ehr Decl., at 2 - 6, ¶ ¶ 6, 7-8, 10, 15-20.

[11]  See Ehr Decl., at 3, ¶ 8.

[12]  See Ehr Decl., at 3, ¶ 10.

[13]  See Ehr Decl., at 3, ¶ 9.

[14]  See Ehr Decl., at 3, ¶ 7.

[15]  See Ehr Decl., at 5 - 6, ¶ ¶ 16 and  20.

[16]  Answer and Counterclaim, ECF 4, at 10, Counterclaim ¶ 6.

compliance vendor from mid-2023 through Spring 2024.[17]

**STANDARD OF REVIEW**

As pronounced by the Supreme Court, "[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125, 134 S.Ct. 746, 753, 187 L.Ed.2d 624 (2014). So, it follows in this case that *in personam* jurisdiction "must be determined by District of Columbia law." *United States v. Ferrara*, 54 F.3d 825, 828 (D.C.Cir. 1995).

As to "general jurisdiction," the controlling District of Columbia law is codified at D.C. Code § 13 - 422, providing for *in personam* "jurisdiction over a person domiciled in . . . the District of Columbia." As for "specific jurisdiction," the controlling law is spelled out in D.C. Code § 13 - 423(a), allowing "personal jurisdiction over a person . . . (1) transacting any business in the District of Columbia."[18] If either general or specific jurisdiction is found to exist, the Court must then determine whether the exercise of *in personam* jurisdiction in a given case would comport with the notions of fair play and substantial justice arising from the Due Process Clause of the Fourteenth Amendment. *See Daimler AG*, 571 U.S. at 120-22.

A plaintiff, in this instance defendant/counterclaim plaintiff Grassroots Analytics, must plead specific facts demonstrating a basis for personal jurisdiction. *See Moore v. Motz*, 437 F.Supp.2d 88, 91 (D.D.C. 2006). A plaintiff cannot rely upon mere conclusory allegations.

---

[17] See Ehr Decl., at 5 - 6, ¶ ¶ 17 - 19.

[18] There are additional bases for the exercise of specific jurisdiction under D.C. Code § 13 - 423(a), but given the allegations in defendant G.A.'s Counnterclaim ¶ 6, those potential bases are not relevant in this civil action.

See *Buesgens v. Brown*, 567 F.Supp.2d 26, 31 (D.D.C. 2008). Of additional note is that in reviewing a motion to dismiss for lack of personal jurisdiction, the court may consider materials outside of the pleadings, and therefore "the Court may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *Id.*

**LEGAL ARGUMENT**

In its Counterclaim, defendant G.A. advanced its jurisdictional allegations in Counterclaim Paragraph 6 (ECF 4, at 10), stating that "Defendant, Phil Ehr, is a resident of Florida who has conducted business in the District of Columbia by and through his registered campaign committees, which have registered business addresses in Washington, D.C." Commander Ehr[19] responds by noting initially that defendant G.A. has failed to meet its affirmative obligation, in Counterclaim Paragraph 6 or elsewhere, to plead sufficient specific facts to establish any level of personal jurisdiction over Commander Ehr, individually. *See Moore*, 437 F.Supp.2d at 91.

**POINT ONE - THE STANDARD FOR INVOKING GENERAL JURISDICTION IS NOT MET IN THE INSTANT MATTER AS IT RELATES TO COMMANDER PHIL EHR**

The Supreme Court clarified the distinction between general jurisdiction and specific jurisdiction in a case involving a multinational corporation, but the guiding principles are also applicable to cases dealing with individual defendants. "In ***Goodyear Dunlop Tires Operations***

---

[19] Phillip C. Ehr (Commander, U.S. Navy - Retired) will be designated in the balance of this motion as either "Phil Ehr," "Commander Phil Ehr," or "Commander Ehr").

*S.A. v. Brown*, 564  U.S. ___, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011), we addressed the distinction between general or all-purpose jurisdiction, and specific or conduct-linked jurisdiction." "  *Daimler AG v. Bauman*, 571 U.S. 117, 122, 134 S.Ct. 746, 751, 187 L.Ed.2d 624, ___ (2014).   As to general jurisdiction, the *Daimler AG* court stated that "we held that a court may assert jurisdiction over a foreign corporation to hear any and all claims against it only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive as to render [it] essentially at home in the forum State."  *Id*.

As to individual persons, the concept of general, or "all-purpose," jurisdiction is decidedly straightforward.  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."  *Daimler AG*, 571 U.S. at 137, 134 S.Ct. at 760.  Insofar as the Defendant concedes that "Phil Ehr is a resident of Florida,"[20] and given that in the attached Declaration Commander Ehr confirms that his domicile has been in Florida for four decades, he is clearly not subject to *in personam* jurisdiction based on a "general jurisdiction" theory.   While Commander Ehr has at times had multiple residences primarily due to his lengthy military career, he has not changed his domicile, if you will his "home base," since 1985.

**POINT TWO - COMMANDER PHIL EHR IS NOT SUBJECT TO THE JURISDICTION OF THIS COURT BASED UPON PRINCIPLES UNDERPINNING SPECIFIC JURISDICTION**

Efforts to subject an individual to the specific jurisdiction of a federal trial court in the District of Columbia are governed by the provisions of D.C. Code § 13-423, and also by the Due

---

[20]   See Defendant G.A.'s Answer & Counterclaims, ECF 4 at 10, ¶ 6.

Process Clause of the Fourteenth Amendment.  See *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980).

Without specifying the particular basis for their jurisdictional claim against Phil Ehr, other than a business address of Katz Compliance which filed F.E.C. documents for the campaign committee, defendant/counterclaim plaintiff Grassroots Analytics placed all of its jurisdictional allegations in one paragraph (Answer & Counterclaim, ECF 4, at 10, ¶ 6).  That business address is, on its face, twice-removed from Commander Ehr.[21]

Within the parameters of   D.C. Code § 13-423, the "transacting any business" subsection[22] appears to be the foundation on which defendant G.A.'s jurisdictional allegation is based.   But, again, given the activities of the campaign committee and Katz Compliance, there are multiple layers between Phil Ehr and dealings with either the Federal Elections Commission or Grassroots Analytics.  See *United States v. Philip Morris, Inc.*, 116 F.Supp.2d 116, 124 (D.D.C. 2000) (noting the importance of distinguishing "corporate layer[s]").

Commander Ehr's conduct does not subject him to jurisdiction in the District of Columbia based on the "specific jurisdiction" test.   The vague, conclusory allegations in Defendant Grassroots Analytics Counterclaim are an improper effort to impose liability for actions by the campaign committee upon Commander Ehr individually.

---

[21]    See "Facts relating to Alleged Business Address," *supra*, at FN 15 - 17.

[22]    See D.C. Code § 13-423 (a) (1).

**POINT THREE - THE GOVERNMENT CONTACTS EXCEPTION PRECLUDES A FINDING OF JURISDICTION OVER A NON-RESIDENT BASED SOLELY ON INTERACTION WITH FEDERAL AGENCIES**

There is a exception to the District of Columbia's long-arm jurisdiction statute which disallows the use of contacts with federal governmental agencies as the basis for *in personam* jurisdiction over a non-resident. See ***Environmental Research Int'l, Inc. v. Lockwood Greene Engineers, Inc.***, 355 A.2d 808, 813 (D.C.App. 1976) (*en banc*). The ***Environmental Research*** appellate court stated that "[t]he rationale for the 'government contacts' exception . . . finds its source in the unique character of the District as the seat of national government and in the correlative need for unfettered access to federal departments and agencies for the entire national citizenry." ***Id.***

As a federal trial court expressly noted when exploring the analytical contours of the Government Contacts Exception, "[t]he government contacts exception precludes the assertion of personal jurisdiction over a non-resident whose only contacts with the District of Columbia are for purposes of dealing with a federal agency or Congress." ***Dooley v. United Techs. Corp.***, 803 F.Supp. 428, 434 (D.D.C. 1992). Thus, it can be said that Courts have long held that a defendant's contacts with agencies of the United States government do not factor into the personal juridiction analysis. *See, e.g.,* ***United States v. Ferrara***, 54 F.3d 825, 831 (D.C.Cir. 1995). This applies with even more force in the instant matter, where it is not even counterclaim-defendant Phil Ehr who had any dealings with the Federal Elections Commission, but rather the campaign committee formed under the operation of federal election law.

**CONCLUSION**

For the reasons set forth hereinabove, Grassroots Analytics' claims against councterclaim-defendant Phil Ehr should be dismissed in their entirety for lack of personal jurisdiction.

.

DATED :   **July 9, 2025**

                                    Respectfully submitted,

                                    */s/ Daniel M. Press*
                                    Daniel M. Press
                                    D.C. Bar No. 419739
                                    CHUNG & PRESS, P.C.
                                    6718 Whittier Avenue, # 200
                                    McLean, VA 22101
                                    Ph. # 703-734-3800
                                    Fax # 703-734-0590
                                    dpress@chung-press.com