UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE,**
    **Plaintiff,**

v.

**GRASSROOTS ANALYTICS, INC.,**
    **Defendant.**

Civil Action No.: 1:24-cv-03035-APM

-

**COUNTERCLAIM-DEFENDANT PHIL EHR'S MOTION TO EXTEND DISCOVERY DEADLINE**

  Counterclaim Defendant Phil Ehr, through counsel, respectfully requests a 120-day extension of the discovery deadline in this case.  In support hereof, Mr. Ehr states as follows:

  1. This action was commenced by Phil Ehr for Congress Campaign Committee on October 24, 2024.  On December 14, 2024, Grassroots Analytics Inc. ("GA") filed its counterclaim adding Phil Ehr as a counterclaim defendant, but he was not served until on or about June 18, 2025, at which point, on July 9, 2025, he filed a Motion to Dismiss for lack of personal jurisdiction.  That motion is pending.

  2. In their Rule 26(f) report, the original parties stated "To the extent Defendant Phil Ehr has not been served or agreed to waive service at the time the Scheduling Order is entered, the parties request that the discovery period run instead from the date Mr. Ehr is served or agrees to waive service."  Rather than do that, the Court entered a scheduling order with a fixed discovery period, ending August 21, 2025, but said at the pretrial conference that this can be

revisited if need be.

3. Given that Mr. Ehr was not served until June 18, and has contested jurisdiction such that participating in discovery prior to service could be seen as waiving his jurisdictional defense, Mr. Ehr would be seriously prejudiced, should his Motion to Dismiss be denied, if the fact discovery deadline is not extended so as to give him a fair opportunity to defend himself.

4. While some of the fact issues may be similar to those between the original parties, there are certainly issues unique to Mr. Ehr, related to GA's claims that he has personal liability for the alleged debt from the Committee to GA.  And the parties' motivations are far different as well – the reality is that the Committee does not have the funds to pay any judgment, so while it is concerned about its affirmative claims, it is not particularly concerned about what happens if it loses those claims.  And Mr. Ehr is not personally a party to the affirmative claims against GA, but does obviously have an interest in both prevailing on any claim that he is personally liable, but also minimizing any such claims.   As such, the interests of the Committee and Mr. Ehr are not the same,[1] so Mr. Ehr needs additional time to conduct his own discovery.

5. While in theory discovery could just be extended for Mr. Ehr, it seems that the best approach would be to extend it generally.   The parties are currently struggling with scheduling depositions of parties and non-party witnesses in the remaining time, given the travel and court schedules of the parties and counsel.   There are other outstanding discovery issues that the parties are trying to work through as well.

---

1 The interests are not in conflict, so there is no issue about the same counsel representing both – it is just a question of what each is most concerned about.

6.   The undersigned counsel conferred with GA's counsel regarding the relief requested herein, but counsel for GA refused to consent to the requested extension.   The Plaintiff Committee consents and joins in this request.

DATED :   **August 1, 2025**

    Respectfully submitted,

*s/ Daniel M. Press*
Daniel M. Press
D.C. Bar No. 419739
CHUNG & PRESS, P.C.
6718 Whittier Avenue, # 200
McLean, VA 22101
Ph. # 703-734-3800
Fax # 703-734-0590
dpress@chung-press.com