IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE,<br><br>*Plaintiff*,<br>v.<br><br>GRASSROOTS ANALYTICS, INC.,<br><br>*Defendant*.<br><br>GRASSROOTS ANALYTICS, INC.,<br><br>*Counterclaim-Plaintiff*,<br>v.<br><br>PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE; PHIL EHR FOR SENATE CAMPAIGN COMMITTEE; PHIL EHR (INDIVIDUALLY)<br><br>*Counterclaim-Defendants*. | Civil Action No. 1:24-cv-03035-APM |

**GRASSROOTS ANALYTICS, INC.'S RESPONSE TO COUNTERCLAIM-DEFENDANT PHIL EHR'S MOTION FOR EXTENSION OF TIME TO FILE REPLY RE MOTION TO DISMISS**

As indicated below, Grassroots Analytics takes no position on Mr. Ehr's out-of-time extension motion. However, Grassroots Analytics files this brief response to clarify the record on several points:

1.  The first time that counsel for Mr. Ehr contacted undersigned counsel to seek Grassroots Analytics' position on Mr. Ehr's extension motion was by email after business hours on the date his motion to dismiss reply brief was due (July 30), and after the Court denied his previously filed extension motion for failure to comply with Local Rule 7(m). *See* Ex. A at 6–7

1

(July 31, 2025 Email chain between K. Ali and D. Press).[1]

2.  Grassroots Analytics' counsel responded the next morning to say they would confer with their client about the extension request. *Id*. As undersigned counsel indicated to counsel for Mr. Ehr, had Mr. Ehr timely requested consent for a reasonable extension to file his reply brief, Grassroots Analytics would have consented. *See id.* at 1. And although Mr. Ehr now represents in his filing that it "was not practical" to meet and confer prior to his filing, Counterclaim-Def. Phil Ehr's Mot. for Extension of Time to File Reply Re Mot. to Dismiss at 2, ECF No. 31, undersigned counsel would have been happy to confer over email at any point prior to the briefing deadline.

3.  Now, however, Mr. Ehr seeks leave to file an out-of-time reply brief. Undersigned counsel has now had an opportunity to confer with their client and states that Grassroots Analytics takes no position on that request, and instead defers to the Court's judgment as to whether Mr. Ehr has demonstrated good cause and excusable neglect under Rule 6. *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); *Rogers v. Amalgamated Transit Union Loc. 689*, No. 1:14-CV-01650 (APM), 2016 WL 3390268, at *1 (D.D.C. May 5, 2016) ("Rule 6(b) allows courts to extend deadlines, even after the time to act has expired 'if there is good cause and the party failed to act because of excusable neglect.") (citation omitted).

DATED: August 1, 2025                                             Respectfully Submitted,

---

[1] Presumably because Mr. Ehr's counsel is in a different time zone, some of the time stamps on the emails among the parties do not appear to be accurate in Exhibit A. For avoidance of doubt, Grassroots Analytics clarifies that Mr. Press sent his request for an extension at 7:10 p.m. EDT on July 30, and undersigned counsel replied the next morning at 11:38 a.m. EDT (not at 7:37:47pm, as appears in the exhibit).

By: */s/ Kathryn Ali*
Kathryn Ali (D.C. Bar No. 994633)
Elizabeth Lockwood (D.C. Bar No. 1029746)
Meghan Palmer (D.C. Bar No. 1736144)
ALI & LOCKWOOD LLP
501 H Street NE, Suite 200
Washington, D.C. 20002
(202) 651-2475
katie.ali@alilockwood.com
liz.lockwood@alilockwood.com
meghan.palmer@alilockwood.com

Mark A. Lancaster (D.C. Bar No. 1620256)
General Counsel,
Grassroots Analytics, Inc.
mlancaster@grassrootsanalytics.com

*Counsel for Defendant-Counterclaimant Grassroots Analytics, Inc*