# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE, <br><br> *Plaintiff*, <br> v. <br><br> GRASSROOTS ANALYTICS, INC., <br><br> *Defendant*. | |
| GRASSROOTS ANALYTICS, INC., <br><br> *Counterclaim-Plaintiff*, <br> v. <br><br> PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE; PHIL EHR FOR SENATE CAMPAIGN COMMITTEE; PHIL EHR (INDIVIDUALLY) <br><br> *Counterclaim-Defendants*. | Civil Action No. 1:24-cv-03035-APM |

**DECLARATION OF KATHRYN M. ALI IN SUPPORT OF COUNTERCLAIM-PLAINTIFF GRASSROOTS ANALYTICS, INC.'S PARTIAL OPPOSITION TO PHIL EHR'S MOTION TO EXTEND DISCOVERY DEADLINE**

I, Kathryn M. Ali, declare as follows:

I am an attorney and a partner with the law firm Ali & Lockwood LLP, counsel for Counterclaim-Plaintiff Grassroots Analytics, Inc. in the above-captioned matter. The facts stated in this Declaration are true and based on my personal knowledge.

1.      Attached hereto as **Attachment A** is a true and correct copy of an email chain dated April 8, 2025–May 16, 2025 between myself and counsel for Mr. Ehr and the Ehr Campaign.

1

2.      Attached hereto as **Attachment B** is a true and correct copy of Grassroots Analytics, Inc.'s June 16, 2025 Responses and Objections to the Ehr Campaign's May 16, 2025 Discovery Requests to Grassroots Analytics. Although Grassroots indicated in these responses that it was willing to meet and confer regarding its objections and the scope of the Campaign's requests, the Campaign never responded to that offer, and the first communication Grassroots received identifying any supposed deficiencies with Grassroots' June 16 responses was an email from the Campaign's counsel dated August 1, 2025. Nevertheless, in an effort to keep the case moving forward efficiently within the allotted discovery period, Grassroots undertook a significant document collection and review process, ultimately producing approximately 4,000 pages of documents on July 14, and another approximately 800 pages of documents on August 4.

3.      Attached hereto as **Attachment C** is a true and correct copy of the Ehr Campaign's April 7, 2025 Responses and Objections to Grassroots Analytics, Inc.'s First Set of Requests for Production.

4.      Attached hereto as **Attachment D** is a true and correct copy of a letter from Grassroots Analytics to the Ehr Campaign sent on April 24, 2025, concerning the Campaign's deficient discovery responses. The Campaign never responded to this letter, so I followed up by email on April 30, to which the Campaign's counsel responded to state that he expected to provide a written response "by Monday 5/12 if not before." That date came and went with no response, so I followed up again on May 13, to which the Campaign's counsel responded to say the Campaign planned to respond by making a supplemental document production. I asked for clarification as to whether that meant that the Campaign would not be standing on any of its previously-asserted objections, to which Campaign counsel replied: "I won't say not standing on any…I will update

the written responses." But the Campaign has never served any amended or supplemental written responses.

5.      Attached hereto as **Attachment E** is a true and correct copy of the Ehr Campaign's May 5, 2025 Responses and Objections to Grassroots Analytics Inc.'s Second Set of Requests for Production and May 29, 2025 Responses and Objections to Grassroots Analytics, Inc.'s First Set of Interrogatories.

6.      Attached hereto as **Attachment F** is a true and correct copy of a letter dated June 12, 2025 from Grassroots Analytics to the Ehr Campaign concerning the Campaign's deficient discovery responses. The Campaign never responded to this letter.

7.      The Campaign also has never provided a privilege log, which we first requested on May 13, 2025, and followed up about on June 12, June 30, and August 1, with no response. In addition, my colleague, Arianna Zoghi, contacted the Ehr Campaign's counsel in July 3 concerning the Campaign's production of certain text messages, which were missing critical identifying information such as sender, recipient, or date/time stamps. We followed up several times with no response. On July 31, the Campaign finally provided this information by email, but has refused to reproduce the messages in a proper format, or to execute a stipulation or other document attesting to this information.

8.      Attached hereto as **Attachment G** is a true and correct copy of an email chain dated July 31, 2025 between myself and counsel for Mr. Ehr and the Ehr Campaign.

9.      Attached hereto as **Attachment H** is a true and correct copy of an email chain dated May 17, 2025 between myself and counsel for Mr. Ehr and the Ehr Campaign.

10.     I served a deposition notice on Phil Ehr, through his counsel, on July 17, 2025. I followed up by email to request available deposition dates on July 22, July 30, and August 6, but

the parties have not yet been able to set a date certain for that deposition.

11.    I also served subpoenas on two former Campaign staffers, David Keith and Jake Briggs, on July 7 and 9, respectively. These witnesses have offered availability in late August and early September for their depositions.

12.    On August 1, counsel for Mr. Ehr and the Campaign contacted me by email to say he intended to take a Rule 30(b)(6) deposition spanning sixteen topics, and also to depose Grassroots Analytics' current CEO, and two former Grassroots employees. I contacted each of these witnesses shortly thereafter and have been working with them and opposing counsel to identify available dates, but these depositions have not yet been scheduled.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: August 07, 2025                              By: */s/ Kathryn Ali*