# Attachment C

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE,**
    Plaintiff,

v.                              Civil Action
            No. : 1: 24 - cv - 03035 - APM

**GRASSROOTS ANALYTICS, INC.**

**PLAINTIFF'S RESPONSES & OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

In accordance with the Federal Rules of Civil Procedure and the Rules of the U.S. District Court for the District of Columbia, Plaintiff PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE, for itself and for its predecessor-in-interest, the PHIL EHR FOR SENATE CAMPAIGN COMMITTEE, hereby provides its written Responses and Objections to the First Request for Production of Documents served in February 2025 by Defendant Grassroots Analytics, Inc.   This set of Responses and Objections contains a list of the Plaintiff's general objections to multiple requests for production, followed by the enumerated list of requests sought by the Defendant, with a reference to the specific objection (if any) to each request and then the Plaintiff's response to each request.

If a document is responsive to more than one request, it will only be produced once.

**GENERAL   OBJECTIONS**

(1) Relevancy : Since the adoption of the 2015 revisions to the Federal Rules of Civil Procedure, federal courts have been encouraged "to be more aggressive in identifying and discouraging discovery overuse;" courts "will not allow parties to explore matter which does not presently appear germane on the theory that it might conceivably become so." ***Wall v. Reliance Standard Life Insur. Co.***, 341 F.R.D. 1, 6 (D.D.C. 2022). Among the grossly irrelevant inquiries is Request # 7, seeking "[a]ll contracts and documents sufficient to show any and all services the Campaign received from any other **outside** fundraising organization."

(2) Lack of Proportionality :  Since the 2015 revisions to the Federal Rules, pursuant to the revised terms of ***Fed.R.Civ.P.* 26 (b) (1)**, discovery is limited to nonprivileged matters  that are relevant <u>and</u> proportional to the needs of the case.   Proportionality is governed by the six (6) factors delineated in subsection (b)(1), including the importance of the issues at stake, the amount in controversy, the parties relative access to information, the parties' resources, the importance of specific discovery, and and whether the burden of the discovery outweighs its likely benefits.  See ***Jefferson v. Austin***, 345 F.R.D. 249, 252 (D.D.C. 2024).

    With respect to the parties' relative resources, given that the congressional general election occurred in early November, 2024,   as of this moment the Ehr Campaign Committee is essentially an "administrative shell," simply required to file ongoing Federal Elections Commission reports.   Plaintiff campaign committee has no active candidate, and is without ongoing fundraising, independent political contractors, or campaign volunteers, and with only one compliance vendor to file mandatory reports.   By way of example, all monies expended by the Plaintiff for this litigation have been borrowed.

    Additional factors reflecting the "lack of proportionality" in Defendant's Requests are

referenced in the Specific Objections designated below.

## REQUESTS / SPECIFIC OBJECTIONS / RESPONSES

**DEFENDANT'S REQUEST # 1:** All communications and documents related to the negotiation, drafting, and execution of any agreement between and among the Campaign and Grassroots Analytics, including but not limited to the July Services Agreement, August Services Agreement, and the Data Sharing Agreement.

**SPECIFIC OBJECTION(S) :**   None

**PLAINTIFF'S RESPONSE TO REQUEST # 1:**   As to negotiation(s) or drafting, no Documents responsive to this Request are available to the Plaintiff, as on information and belief all agreements were drafted and presented "as is" by Defendant Grassroots Analytics to the campaign.   Copies of any agreements in possession of the Plaintiff were received from the Defendant in the summer or fall of 2023.   Copies   will be supplied.

**DEFENDANT'S REQUEST # 2:** All communications and documents concerning the terms of any agreement between the Campaign and Grassroots Analytics, including but not limited to the July Services Agreement, August Services Agreement, and the Data Sharing Agreement, or otherwise related to the Campaign and the Grassroots Analytics' negotiation and understanding of the respective agreement's contractual terms.

**SPECIFIC OBJECTION(S) :**   None.

**PLAINTIFF'S RESPONSE TO REQUEST # 2**:    The Plaintiff possesses no documents responsive to this Request.

**DEFENDANT'S REQUEST # 3:** All communications and documents concerning the services provided by Grassroots Analytics under the July Services Agreement, August Services Agreement, and the Data Sharing Agreement.

**SPECIFIC OBJECTION(S) :**   None.

**PLAINTIFF'S RESPONSE TO REQUEST # 3** :   Documents responsive to this Request will be produced by Plaintiff.

**DEFENDANT'S REQUEST # 4:** All "[p]erformance reports for email and text blasts conducted using Grassroots Analytics' lists, showing high bounce rates and low engagement," as described in Your Initial Disclosures.

**SPECIFIC OBJECTION(S) :**   None.

**PLAINTIFF'S RESPONSE TO REQUEST # 4** :   Documents responsive to this Request will be produced by Plaintiff.

**DEFENDANT'S REQUEST # 5**:   All "[c]omparative ROI data for donor lists sourced from other vendors or industry benchmarks," as described in your Initial Disclosures.

**SPECIFIC OBJECTION(S) :**   None.

**PLAINTIFF'S RESPONSE TO REQUEST # 5 :**   The Plaintiff possesses no documents responsive to this Request.

**DEFENDANT'S REQUEST # 6 :** All communications and documents related to the

Campaign's fundraising efforts and activities during January 2023 through December 2024, including but not limited to any and all efforts to cultivate donors.

**SPECIFIC OBJECTION(S) :** As to most of the information sought in this Request, it is irrelevant to the professional relationship between the Plaintiff and the Defendant, and thereby fails the threshold test for discoverability under ***Fed.R.Civ.P.* 26 (b)(1)**.   Communications and documents regarding numerous interactions between the Plaintiff and third party vendors will not clarify whether a valid contract existed between the Plaintiff and Defendant, nor will such documents reflect, if an enforceable contract between Plaintiff and Defendant indeed exists, whether its terms were breached.

   The Plaintiff further asserts that this request is not proportional, because the Plaintiff's resources are extremely limited, including having no staff (as noted in the General Objections), and the burden of searching through "Call Time Notes" and other items would be extraordinarily time-consuming.    Thus the burden involved would far outweigh any marginal utility of such a search for documents.    See ***Wall v. Reliance Standard Life Insur. Co.***, 341 F.R.D. 1, 5-6 (D.D.C. 2022) (reviewing the 2015 revisions to ***Fed.R.Civ.P.* 26 (b) (1) & (2)**).

**PLAINTIFF'S RESPONSE TO REQUEST # 6** :    The Plaintiff possesses no documents prior to July 2023 that relate to this Request.    As to the balance of this Request, its scope is overly burdensome and seeks irrelevant information, and the Plaintiff lacks the resources to fully respond to this Request.    Available documents responsive to this Request will be produced.


**DEFENDANT'S REQUEST # 7**: All contracts and documents sufficient to show any and all services the Campaign received from any other outside fundraising organization, including

documents sufficient to show any amounts raised by each outside fundraising organization.

**SPECIFIC OBJECTIONS :** The information sought in this Request is irrelevant to the professional relationship between the Plaintiff and the Defendant, and thereby fails the threshold test for discoverability under *Fed.R.Civ.P.* **26 (b)(1)**.   Contracts and documents regarding numerous interactions between the Plaintiff and non-party fundraising organizations will not clarify whether a valid contract existed between the Plaintiff and Defendant or whether its terms were breached.    The Plaintiff further asserts that this request is not proportional, because the Plaintiff's resources are extremely limited, including having no staff (as noted in the General Objections), and the burden of attributing the source of each and every contribution to the congressional campaign would far outweigh any probative value.

**PLAINTIFF'S RESPONSE TO REQUEST # 7** :    Contracts and other documents relating to non-party fundraising organizations are irrelevant to the claims and defenses between the Plaintiff and Defendant in this civil action.    As to documents demonstrating the precise performance of any non-party fundraising organization, the Plaintiff has no documents responsive to that portion of this Request.

**DEFENDANT'S REQUEST # 8 :**    All documents supporting your contention that the donor lists provided by Grassroots Analytics were incomplete, outdated, and/or derived from publicly accessible sources.

**SPECIFIC OBJECTION(S) :**    None.

**PLAINTIFF'S RESPONSE TO REQUEST # 8 :**    Documents responsive to this Request will be produced by Plaintiff.

**DEFENDANT'S REQUEST # 9:** All communications and documents related to Your contention that Grassroots Analytics represented that "the lists would yield a significant return on investment and contain actionable donor information, such as demographic details, giving history, and cleaned data, as described in your Initial Disclosures.

**SPECIFIC OBJECTION(S) :**   None.

**PLAINTIFF'S RESPONSE TO REQUEST # 9 :**   Documents responsive to this Request will be produced by Plaintiff.

**DEFENDANT'S REQUEST # 10:** All communications and documents related to Your contention that the Campaign was unable "to microtarget donors due to lack of identifying information (e.g., issue priorities, values, geographic location)" and that the "use of outdated contact information resulted in lost fundraising opportunities," as described in your Initial Disclosures.

**SPECIFIC OBJECTION(S) :**   None.

**PLAINTIFF'S RESPONSE TO REQUEST # 10 :**   Documents responsive to this Request will be produced by Plaintiff.

**DEFENDANT'S   REQUEST # 11 :**   All communications and documents related to Your contention that the Campaign incurred "administrative, legal, and reputational costs associated with disputed contributions," and that the Campaign "received numerous max donations processed within the same time frame that were later contested by donors," as described in your Initial Disclosures.

**SPECIFIC OBJECTION(S) :**    None.

**PLAINTIFF'S RESPONSE TO REQUEST # 11 :**    Documents responsive to this Request will be produced by Plaintiff.

**DEFENDANT'S REQUEST # 12:** All documents and communications related to Your contention that the Campaign suffered damages to its "reputation" and in the form of "additional costs incurred to rectify operational inefficiencies," as described in Your Initial Disclosures.

**SPECIFIC OBJECTION(S) :**    None.

**PLAINTIFF'S RESPONSE TO REQUEST # 12 :**    Documents responsive to this Request will be produced by Plaintiff.

**DEFENDANT'S REQUEST # 13:**    All communications and documents concerning any alleged violation of any signatory's contractual obligations under the July Services Agreement or any other agreement between the Campaign and Plaintiff.

**SPECIFIC OBJECTION(S) :**    None.

**PLAINTIFF'S RESPONSE TO REQUEST # 13 :**    Documents responsive to this Request will be produced by Plaintiff.

**DEFENDANT'S REQUEST # 14 :** All communications and documents concerning invoices or requests for payment that the Campaign received from Grassroots Analytics.

**SPECIFIC OBJECTION(S) :**    None.

**PLAINTIFF'S RESPONSE TO REQUEST # 14 :**    Documents responsive to this Request will be produced by Plaintiff.

**DEFENDANT'S REQUEST # 15:** All communications and documents concerning Mr. Ehr or his Senate or House Campaign Committee's decision to terminate any of the Campaign's contractual relationships with Grassroots Analytics.

**SPECIFIC OBJECTION(S) :** This Request seeks documents from Mr. Ehr, who had no contractual relationship with Defendant. This Request further seeks documents reflecting a non-existent factual scenario.

**PLAINTIFF'S RESPONSE TO REQUEST # 15 :** The Plaintiff has no Documents responsive to this Request.

**DEFENDANT'S REQUEST # 16:** All documents and communications related to Your contention that the Campaign suffered "administrative, legal, and reputational costs associated with disputed contributions," as described in Your Initial Disclosures.

**SPECIFIC OBJECTION(S) :** None. Plaintiff notes that this Request appears to be identical to the first portion of Request # 11.

**PLAINTIFF'S RESPONSE TO REQUEST # 16 :** Documents responsive to this Request will be produced by Plaintiff.

**DEFENDANT'S REQUEST # 17 :** All communications and documents relating to Mr. Ehr or his Senate Campaign Committee's decision to terminate Mr. Ehr's Senate campaign, as well as all communications and documents relating to the decision to launch his House campaign.

**SPECIFIC OBJECTION(S) :** The Plaintiff asserts that this request is not proportional, both because items relating to this issue are of little or no relevance to the primary issues in this

litigation and because the Plaintiff's resources are extremely limited, including having no staff (as noted in the General Objections), and the burden of searching for, identifying and reproducing "all communications and documents" relating to the 2023 termination of Phil Ehr's Senate campaign and the launch of his U.S. House campaign would far outweigh any probative value.  See ***Cherokee Nation v. U. S. Dep't of Interior***, 531 F.Supp.3d 87, 100-02 (D.D.C. 2021) (reviewing all six proportionality factors).

**DEFENDANT'S REQUEST # 18 :** All communications and documents relating to the Campaign's FEC filings and compliance with FEC rules and regulations.

**SPECIFIC OBJECTION(S) :**   The information sought in this Request is irrelevant to the professional relationship between the Plaintiff and the Defendant, and thereby fails the threshold test for discoverability under ***Fed.R.Civ.P.* 26 (b)(1)**.  "Communications and documents" regarding numerous interactions between the Plaintiff and the F.E.C. or between the Plaintiff and political compliance companies will not clarify whether a valid contract existed between the Plaintiff and Defendant or whether its terms were breached.       The Plaintiff further asserts that this request is not proportional, because the Plaintiff's resources are extremely limited, including having no staff (as noted in the General Objections), and the burden of locating and attributing every requested item would far outweigh any probative value.    Finally, as to Proportionality Factor 3, weighing the parties' relative access to Federal Election Commission filings, the Defendant has the same electronic access capability as the Plaintiff, and the Defendant has sufficient staff to engage in unfettered review of F.E.C. filings.

   This Request also sweeps in "compliance activity" engaged in by the campaign which

necessitated multiple interactions with legal counsel, which "communications and documents" clearly fall within the scope of the Attorney-Client Privilege.

**PLAINTIFF'S RESPONSE TO REQUEST # 18 :** With respect to public F.E.C. filings, the Defendant is able to utilize online access to obtain filed documents. With regard to communications with legal counsel, "communications and documents" will not be produced. As to the balance of this Request, its scope is overly burdensome and seeks irrelevant information, and the Plaintiff lacks the resources to respond to this Request.

**DEFENDANT'S REQUEST # 19:** All communications between the Campaign and Phil Ehr concerning or referencing Grassroots Analytics, the July Services Agreement, the August Services Agreement, the Data Sharing Agreement, use of third-party donor lists, or either Campaign's text or email fundraising campaigns.

**SPECIFIC OBJECTION(S) :** The information sought in this Request is irrelevant to the professional relationship between the Plaintiff and the Defendant, and thereby fails the threshold test for discoverability under *Fed.R.Civ.P.* **26 (b)(1)**.

The Plaintiff additionally asserts that this request is not proportional, both because items relating to this issue are of little or no relevance to the primary issues in this litigation and because the Plaintiff's resources are extremely limited, including having no staff (as noted in the General Objections), and the burden of searching for, identifying and reproducing "all communications between the Campaign and Phil Ehr" relating to the Defendant would far outweigh any probative value. See *Cherokee Nation v. U. S. Dep't of Interior*, 531 F.Supp.3d 87, 100-02 (reviewing all six proportionality factors).

**PLAINTIFF'S RESPONSE TO REQUEST # 19 :** Documents reasonably responsive to this

Request and relevant to this litigation will be produced by Plaintiff..

**DEFENDANT'S REQUEST # 20:** All documents reflecting the formation of the Phil Ehr for Congress Campaign or the Phil Ehr for Senate Campaign, as well as their governing principles and practices, and initial capitalization.

**SPECIFIC OBJECTION(S) :**   None.

**PLAINTIFF'S RESPONSE TO REQUEST # 20 :**   Plaintiff's Response to this tripartite Request is as follows :   Documents regarding F.E.C. filings relating to formation of the campaign committees are matters of public record and have been supplied in response to prior Requests; documents regarding initial capitalization are also on file with the F.E.C. and are matters of public record, and have been supplied in response to prior Requests; Plaintiff has no Documents relating to "governing principles and practices," which are areas subject to federal statutory law and F.E.C. guidelines.

**DEFENDANT'S REQUEST # 21:** All communications with Katz Compliance and/or any other third- party offering campaign compliance services that relate to Grassroots Analytics, including but not limited to invoices You received from Grassroots Analytics.

**SPECIFIC OBJECTION(S) :**   To the extent that this request seeks communications with attorneys or law firms, it blatantly seeks privileged communications which are thus not relevant or discoverable.

**PLAINTIFF'S RESPONSE TO REQUEST # 21 :**     Documents reasonably responsive to this Request and relevant to this litigation will be produced by Plaintiff.

**DATED :**     **April 7, 2025**

                                                  */s/    Daniel M. Press*
                                                  Daniel M. Press
                                                  D.C. Bar No. 419739
                                                  CHUNG & PRESS, P.C.
                                                  6718 Whittier Avenue, # 200
                                                  McLean, VA 22101
                                                  Ph. # 703-734-3800
                                                  Fax # 703-734-0590
                                                  dpress@chung-press.com