# Attachment D

ALI & LOCKWOOD LLP

501 H Street NE, Suite 200
Washington, D.C. 20002
(202) 651-2475 | www.alilockwood.com

*Via Email*

Daniel M. Press
Chung & Press, P.C.
6718 Whittier Avenue, #200
McLean, VA 22101
dpress@chung-press.com

**Re: Plaintiff/Counterclaim-Defendant's Responses & Objections to Defendant/Counterclaim Plaintiff's First Request for Production of Documents**

Dear Dan:

I am writing on behalf of Defendant and Counterclaim-Plaintiff Grassroots Analytics, Inc. ("Grassroots Analytics" or "Grassroots") to identify deficiencies in the responses and objections to Grassroots Analytics' request for discovery ("Response") provided by Plaintiff/Counterclaim-Defendant Phil Ehr for Congress Campaign Committee ("the Campaign"), served on April 8, 2025.

The Campaign's responses to each of Grassroots Analytics' discovery requests are deficient for multiple reasons, as discussed below. But each also bears certain common deficiencies. First, several of your Responses are vague as to whether you have searched for and produced *all* relevant documents, as opposed to just some documents. Our Requests generally seek "[a]ll" documents meeting the specified description, so producing only a subset would be insufficient. Your production consisted of, in total, approximately 100 documents. Please clarify whether you are representing that this is the entire universe of responsive documents for the Requests where you made productions.

Second, your argument that the Ehr Campaign lacks resources to respond to these Requests is not a valid reason to withhold documents. Lack of resources—especially given that your client initiated this litigation—is not a basis for failure to respond to discovery requests that are otherwise relevant and not unduly burdensome. *See Champion Foodservice, LLC v. Vista Food Exchange, Inc.*, No. 1:13-cv-1195, 2015 WL 7196076, at *3 (N.D. Ohio 2015) ("After instituting a lawsuit, plaintiff cannot use lack of financial resources as an excuse for failing to fulfill its discovery obligations."); *MQVP, Inc. v. Pacific Best Inc.*, No. CV 06-0860, 2008 WL 11338510, at *2 (C.D. Cal. 2008) (lack of resources does not excuse plaintiff's lack of diligence in discovery because they "brought the action" and "made a voluntary choice to come into court"). And to the extent your client intends to stand on any specific objection to Grassroots Analytics' requests based on lack of proportionality or undue burden, you must "make a specific showing, supported by declaration, as to why the production sought would be unreasonably burdensome." *Pleasants v. Allbaugh*, 208 F.R.D. 7, 12 (D.D.C. 2002), *on reconsideration*, No. CIV.A. 00-3094(JMF), 2002 WL 31520105 (D.D.C. Nov. 12, 2002) (collecting cases). *See also Jefferson v. Austin*, 345 F.R.D.

1

249, 252 (D.D.C. 2024) ("To satisfy the burden of showing that a discovery request is not proportional, "the refusing party must make a specific, detailed showing." (citing *Lamaute v. Power*, 339 F.R.D. 29, 35 (D.D.C. 2021)); *Nat. Res. Def. Council v. Curtis*, 189 F.R.D. 4, 13 (D.D.C. 1999) ("[T]he federal courts reject out of hand claims of burdensomeness which are not supported by a specific, detailed showing, usually by affidavit, of why weighing the need for discovery against the burden it will impose permits the conclusion that the court should not permit it."); *Walker v. England*, No. CV 02-01695, 2005 WL 8178051, at *1 (D.D.C. Feb. 22, 2005) ("If there is an objection based on undue burden, the objecting party must make a specific, detailed showing of how the discovery request is burdensome."). The objection in your Response is "utterly unsubstantiated ipse dixit that the discovery sought is burdensome," which "is insufficient." *Nat. Res. Def. Council*, 189 F.R.D. at 13.

Finally, we are still reviewing your first production of documents, but have already identified several deficiencies. As to some Requests, your production is obviously incomplete, as described further below. Additionally, many documents are indecipherable for any combination of the following (nonexhaustive) reasons: they are partial screenshots, the custodian of the document is unclear, or the sender or recipient of communications is not included.

As detailed further herein, nearly all of Plaintiff's discovery responses are deficient for multiple additional reasons.

**REQUEST NO. 1**: **All communications and documents related to the negotiation, drafting, and execution of any agreement between and among the Campaign and Grassroots Analytics, including but not limited to the July Services Agreement, August Services Agreement, and the Data Sharing Agreement.**

*Plaintiff's Response: As to negotiation(s) or drafting, no Documents responsive to this Request are available to the Plaintiff, as on information and belief all agreements were drafted and presented "as is" by Defendant Grassroots Analytics to the campaign. Copies of any agreements in possession of the Plaintiff were received from the Defendant in the summer or fall of 2023. Copies will be supplied.*

This Request seeks "[a]ll communications and documents" related to the specified topic, and it is not clear from Plaintiff's response if you have made any effort to search for responsive documents, especially given the qualifier "on information and belief." Counsel is obligated under the Federal Rules of Civil Procedure to make a "reasonable inquiry" into whether records exist. Fed. R. Civ. P. 26(g)(1); *see also Johnson v. BAE Systems, Inc.*, 307 F.R.D. 220, 226 (D.D.C. 2013); *Moore v. Napolitano*, 723 F. Supp. 2d 167, 173 (D.D.C. 2010).

Additionally, the Request refers to communications in addition to documents, and accordingly is not limited to copies of the specified agreements. It is implausible that Plaintiff possesses no communications whatsoever related to the execution of the agreement, even if there was no negotiation of terms. To take just one example, your Complaint alleges that "[d]iscussions

2

between representatives of the Phil Ehr for Senate Campaign Committee and defendant G.A. led to a written agreement that the company would provide data services for a phone-based texting campaign[.]" Compl. ¶ 2. To the extent any such "discussions" were in writing or later memorialized in writing, they are responsive to this Request and you are obligated to produce them.

**REQUEST NO. 2**: **All communications and documents concerning the terms of any agreement between the Campaign and Grassroots Analytics, including but not limited to the July Services Agreement, August Services Agreement, and the Data Sharing Agreement, or otherwise related to the Campaign and the Grassroots Analytics' negotiation and understanding of the respective agreement's contractual terms.**

*Plaintiff's Response*: *The Plaintiff possesses no documents responsive to this Request.*

It is implausible that Plaintiff possesses no communications and documents responsive to this Request, especially given the allegations in paragraphs 2, 13, 14, 15, 19, 23, and 25 of the Complaint, all of which refer to communications between Grassroots and the Campaign regarding the contract and services provided under the contract.

**REQUEST NO. 3**: **All communications and documents concerning the services provided by Grassroots Analytics under the July Services Agreement, August Services Agreement, and the Data Sharing Agreement.**

*Plaintiff's Response*: *Documents responsive to this Request will be produced by Plaintiff.*

We are still reviewing your document production and reserve our rights to raise additional deficiencies, but the documents produced in response to this request are plainly deficient. This request seeks *all* communications and documents concerning the services provided by Grassroots Analytics, including, for example, the Campaign's reaction to or level of satisfaction with the services at the time they were provided. You have produced only documents from November 2023 and December 2023, many months after Grassroots actually provided services, and only concerning the topic of the overdue bills. It is implausible that this is the full set of responsive documents, especially given the allegations in paragraphs 19 and 23 of the Complaint, both of which refer to communications concerning the services provided by Grassroots from before November 2023. Please clarify the efforts you have made to identify all documents responsive to this request.

**REQUEST NO. 4**: **All "[p]erformance reports for email and text blasts conducted using Grassroots Analytics' lists, showing high bounce rates and low engagement," as described in Your Initial Disclosures.**

*Plaintiff's Response*: *Documents responsive to this Request will be produced by Plaintiff.*

We are still reviewing your document production and reserve our rights to raise additional deficiencies, but at a minimum there appear to be several problems with your production as to this Request. As to text performance, you have produced only two documents that appear designed to

3

show that you cannot access performance data. Please clarify what efforts you are making to obtain the data. The email performance document you provided is indecipherable. Although the document contains a table, the table contains no headers, and the document appears to be a partial screenshot of a platform. Please reproduce this document with visible column headers. Finally, one of the documents that you produced appears to be damaged; "EmailPerformace2" will not open.

Finally, as with many of your responses, it is not clear if you have provided *all* available performance reports—as the Request seeks—or just a handful. Please clarify if you have produced all responsive documents. This Request is drawn directly from your Initial Disclosures where you indicated that you had email blast and text blast performance reports and performance data "in [your] possession, custody, or control," and you are obligated to produce those documents.

**REQUEST NO. 5: All "[c]omparative ROI data for donor lists sourced from other vendors or industry benchmarks," as described in Your Initial Disclosures.**

*Plaintiff's Response*: The Plaintiff possesses no documents responsive to this Request.

You indicated in your Initial Disclosures that you intended to rely on this evidentiary material in calculating your lost fundraising revenue. Given this representation that you do not have this data in your possession, please explain how and from where you intend to get this data for purposes of calculating your damages.

**REQUEST NO. 6: All communications and documents related to the Campaign's fundraising efforts and activities during January 2023 through December 2024, including but not limited to any and all efforts to cultivate donors.**

*Plaintiff's Specific Objection*: As to most of the information sought in this Request, it is irrelevant to the professional relationship between the Plaintiff and the Defendant, and thereby fails the threshold test for discoverability under **Fed. R. Civ. P. 26(b)(1)**. Communications and documents regarding numerous interactions between the Plaintiff and third party vendors will not clarify whether a valid contract existed between the Plaintiff and Defendant, nor will such documents reflect, if an enforceable contract between Plaintiff and Defendant indeed exists, whether its terms were breached.

*The Plaintiff further asserts that this request is not proportional, because the Plaintiff's resources are extremely limited, including having no staff (as noted in the General Objections), and the burden of searching through "Call Times Notes" and other items would be extraordinarily time-consuming. Thus the burden involved would far outweigh any marginal utility of such a search for documents.* See Wall v. Reliance Standard Life Insu. Co.*, 341 F.R.D. 1, 5–6 (D.D.C. 2022) (reviewing the 2015 revisions to Fed. R. Civ. P. 26(b)(1) & (2)).*

*Plaintiff's Response*: The Plaintiff possesses no documents prior to July 2023 that relate to this Request. As to the balance of this Request, its scope is overly burdensome and seeks irrelevant

4

*information, and the Plaintiff lacks the resources to fully respond to this Request. Available documents responsive to this Request will be produced.*

Grassroots may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The documents sought in this request are relevant to Grassroots' claims and defenses for numerous reasons. Plaintiff asserts that it received less in campaign donations than it cost the Campaign in payments due to Grassroots for its services. *See* Compl. ¶ 19. Grassroots provides a service that is a component of an entity's fundraising apparatus, but additional effort by the entity to follow up with leads is critical to success, as Grassroots communicated to Plaintiff. The documents sought in this Request are therefore relevant to establishing that Grassroots adequately performed its contract obligations, and also that, to the extent Plaintiff raised less money than it wished, that was due to its own deficient fundraising efforts and activities.

Plaintiff produced a single document in response to this Request. Grassroots reiterates that, as with all of these Requests, this Request seeks "[*a*]*ll*" communications and documents related to the specified topic. It is implausible that a single spreadsheet constitutes the entirety of such documents in Plaintiff's possession.

Finally, as indicated above, Plaintiff's lack of resources is not a basis to withhold responsive documents in a case that Plaintiff initiated.

**REQUEST NO. 7:** **All contracts and documents sufficient to show any and all services the Campaign received from any other outside fundraising organization, including documents sufficient to show any amounts raised by each outside fundraising organization.**

***Plaintiff's Specific Objections****: The information sought in this Request is irrelevant to the professional relationship between the Plaintiff and the Defendant, and thereby fails the threshold test for discoverability under Fed. R. Civ. P. 26(b)(1). Contracts and documents regarding numerous interactions between the Plaintiff and non-party fundraising organizations will not clarify whether a valid contract existed between the Plaintiff and Defendant or whether its terms were breached. The Plaintiff further asserts that this request is not proportional, because the Plaintiff's resources are extremely limited, including having no staff (as noted in the General Objections), and the burden of attributing the source of each and every contribution to the congressional campaign would far outweigh any probative value.*

***Plaintiff's Response****: Contracts and other documents relating to non-party fundraising organizations are irrelevant to the claims and defenses between the Plaintiff and Defendant in this civil action. As to documents demonstrating the precise performance of any non-party fundraising organization, the Plaintiff has no documents responsive to that portion of this Request.*

The documents sought in this Request are relevant and discoverable for the same reason as the previous Request. One of Grassroots' defenses is that Plaintiff's dissatisfaction with its fundraising returns were the result of its own deficient operations, not Grassroots' delivery of the

5

contracted services. Understanding the extent and success of its fundraising activities is relevant to that defense.

As to Plaintiff's proportionality argument, as already mentioned, Plaintiff's lack of resources is not a basis to withhold responsive documents in a case that Plaintiff initiated. Furthermore, Grassroots has not asked the Campaign to "attribute[e] the source of each and every contribution to the congressional campaign." To the extent that Plaintiff is asserting it has no documentation showing the amounts raised by outside fundraising organization, Grassroots requests that Plaintiff clarify the format in which it keeps fundraising records, and Grassroots is willing to meet and confer to modify this Request accordingly.

**REQUEST NO. 8**: **All documents supporting Your contention that the donor lists provided by Grassroots Analytics were incomplete, outdated, and/or derived from publicly accessible sources.**

*Plaintiff's Response*: *Documents responsive to this Request will be produced by Plaintiff.*

The five documents that you produced relate solely to email bounces and outdated contact information. None of the documents that you produced support your contention that the lists were either incomplete or derived from publicly accessible sources. Please confirm that you have searched for such documents and that none exist.

**REQUEST NO. 9**: **All communications and documents related to Your contention that Grassroots Analytics represented that "the lists would yield a significant return on investment and contain actionable donor information, such as demographic details, giving history, and cleaned data," as described in Your Initial Disclosures.**

*Plaintiff's Response*: *Documents responsive to this Request will be produced by Plaintiff.*

You have not produced any documents responsive to this Request, despite your representation that you would do so. We expect that you will produce these documents within seven days of the date of this letter.

**REQUEST NO. 10**: **All communications and documents related to Your contention that the Campaign was unable "to microtarget donors due to lack of identifying information (e.g., issue priorities, values, geographic location)" and that the "use of outdated contact information resulted in lost fundraising opportunities," as described in Your Initial Disclosures.**

*Plaintiff's Response*: *Documents responsive to this Request will be produced by Plaintiff.*

You produced a single video file in response to this Request. The custodian, creator of the video, and date of the video are all unclear; please provide this information. Additionally, this Request seeks "[a]ll communications and documents" related to the specified topic, and it is not clear from Plaintiff's response if you have produced all responsive documents or just one example.

6

Additionally, the Request refers to communications in addition to documents. Please clarify whether you are representing that Plaintiff possesses zero communications related to the specified topics.

**REQUEST NO. 11**: **All communications and documents related to Your contention that the Campaign incurred "administrative, legal, and reputational costs associated with disputed contributions," and that the Campaign "received numerous max donations processed within the same time frame that were later contested by donors," as described in Your Initial Disclosures.**

*Plaintiff's Response*: *Documents responsive to this Request will be produced by Plaintiff.*

As with other Requests, this Request seeks "[a]ll communications and documents" related to the specified topic, and it is not clear from Plaintiff's response if you have produced all responsive documents or just some. Please clarify whether you are representing that this is the entire universe of responsive documents for this Request.

**REQUEST NO. 12**: **All documents and communications related to Your contention that the Campaign suffered damages to its "reputation" and in the form of "additional costs incurred to rectify operational inefficiencies," as described in Your Initial Disclosures.**

*Plaintiff's Response*: *Documents responsive to this Request will be produced by Plaintiff.*

You have produced a single document which is a table representing your "statement of damages." This Request seeks "[a]ll communications and documents" related to your damages. Accordingly, at a minimum, the Campaign must also produce the documents and communications that support the numbers, calculations, and assertions in this table. Please clarify whether you are representing that this is the entire universe of responsive documents for this Request.

**REQUEST NO. 13**: **All communications and documents concerning any alleged violation of any signatory's contractual obligations under the July Services Agreement or any other agreement between the Campaign and Plaintiff.**

*Plaintiff's Response*: *Documents responsive to this Request will be produced by Plaintiff.*

Plaintiff produced four documents in response to this Request, all of which are duplicates of those produced in response to previous Requests, and all of which have to do with the *initiation* of the relationship between the parties, not "any alleged violation" of contractual obligations. Because this appears to be an error, Grassroots requests that the Campaign revise its production as to this Request, and further clarify whether you have searched for and produced the entire universe of responsive documents. Additionally, the documents produced in response to this Request include screenshots of text messages where the custodian, sender, or recipient are unclear.

**REQUEST NO. 14**: **All communications and documents concerning invoices or requests for payment that the Campaign received from Grassroots Analytics.**

7

*Plaintiff's Response*: Documents responsive to this Request will be produced by Plaintiff.

Plaintiff produced two documents in response to this Request, one of which was an executed agreement between the parties, and the other was a singular invoice for $3,002.85—obviously a small fraction of what Grassroots billed the Campaign. This production is facially deficient.

**REQUEST NO. 15: All communications and documents concerning Mr. Ehr or his Senate or House Campaign Committee's decision to terminate any of the Campaign's contractual relationships with Grassroots Analytics.**

*Plaintiff's Specific Objections*: This Request seeks documents from Mr. Ehr, who had no contractual relationship with Defendant. This Request further seeks documents reflecting a non-existent factual scenario.

*Plaintiff's Response:* The Plaintiff has no Documents responsive to this Request.

Plaintiff's objection and response to this Request are demonstrably incorrect and inconsistent with your own Response. Plaintiff produced a document in response to RFP No. 11 regarding the Campaign's decision to "clos[e] our contract with Grassroots." *See* "Phil Ehr for Congress Mail – Fwd_Phil Ehr_s work with Grassroots." Additionally, contrary to Plaintiff's representations, Phil Ehr personally signed one of the Agreements at issue and sent several emails in the produced email chain, belying the assertion that there are no communications or documents concerning "Mr. Ehr's . . . decision to terminate any of the Campaign's contractual relationships with Grassroots Analytics." Accordingly, Grassroots requests that Plaintiff revise its objections and response, and produce all responsive communications and documents.

**REQUEST NO. 16: All documents and communications related to Your contention that the Campaign suffered "administrative, legal, and reputational costs associated with disputed contributions," as described in Your Initial Disclosures.**

*Plaintiff's Response*: Documents responsive to this Request will be produced by Plaintiff.

This Request is a duplicate of part of Request No. 11, and Grassroots agrees to withdraw it.

**REQUEST NO. 17: All communications and documents relating to Mr. Ehr or his Senate Campaign Committee's decision to terminate Mr. Ehr's Senate campaign, as well as all communications and documents relating to the decision to launch his House campaign.**

*Plaintiff's Specific Objections:* The Plaintiff asserts that this request is not proportional, both because items relating to this issue are of little or no relevance to the primary issues in this litigation and because the Plaintiff's resources are extremely limited, including having no staff (as

8

*noted in the General Objections), and the burden of searching for, identifying and reproducing "all communications and documents" relating to the 2023 termination of Phil Ehr's Senate campaign and the launch of his U.S. House campaign would far outweigh any probative value. See* **Cherokee Nation v. U. S. Dep't of Interior**, *531 F.Supp.3d 87, 100-02 (D.D.C. 2021) (reviewing all six proportionality factors).*

Your Response did not specifically provide a "response" for this Request, so it is unclear whether you intend to produce documents responsive to this Request.

The communications and documents sought in this Request are highly relevant to Grassroots' defense that the Campaign's fundraising woes were attributable to other causes, not to any failure to perform by Grassroots.

As to Plaintiff's proportionality argument, as already mentioned, Plaintiff's lack of resources is not a basis to withhold responsive documents in a case that Plaintiff initiated. Plaintiff's citation to *Cherokee Nation v. U.S. Dep't of Interior*, 531 F. Supp. 3d 87 (D.D.C. 2021), does not support the objection asserted. There, the court affirmed that once relevancy is established, the objecting party bears the burden of showing why discovery should not be permitted. And in *Cherokee Nation*, the plaintiff was seeking documents spanning a *250-year* time frame—and the court held that some temporal limitation might be warranted, but rejected even six years as too restrictive. 531 F. Supp. 3d at 100 –01. Here, the Request is far more narrow, and Plaintiff has not come close to bearing its burden to justify a proportionality objection.

**REQUEST NO. 18: All communications and documents relating to the Campaign's FEC filings and compliance with FEC rules and regulations.**

***Plaintiff's Specific Objections****: The information sought in this Request is irrelevant to the professional relationship between the Plaintiff and the Defendant, and thereby fails the threshold test for discoverability under* **Fed.R.Civ.P. 26 (b)(1)**. *"Communications and documents" regarding numerous interactions between the Plaintiff and the F.E.C. or between the Plaintiff and political compliance companies will not clarify whether a valid contract existed between the Plaintiff and Defendant or whether its terms were breached. The Plaintiff further asserts that this request is not proportional, because the Plaintiff's resources are extremely limited, including having no staff (as noted in the General Objections), and the burden of locating and attributing every requested item would far outweigh any probative value. Finally, as to Proportionality Factor 3, weighing the parties' relative access to Federal Election Commission filings, the Defendant has the same electronic access capability as the Plaintiff, and the Defendant has sufficient staff to engage in unfettered review of F.E.C. filings. This Request also sweeps in "compliance activity" engaged in by the campaign which necessitated multiple interactions with legal counsel, which "communications and documents" clearly fall within the scope of the Attorney-Client Privilege.*

9

*Plaintiff's Response: With respect to public F.E.C. filings, the Defendant is able to utilize online access to obtain filed documents. With regard to communications with legal counsel, "communications and documents" will not be produced. As to the balance of this Request, its scope is overly burdensome and seeks irrelevant information, and the Plaintiff lacks the resources to respond to this Request.*

That the FEC filings may be publicly available does not absolve Plaintiff of the obligation to produce them, assuming these documents are in Plaintiff's possession, custody, or control. *See, e.g.*, *Stewart v. D.C.*, No. CV 17-495, 2019 WL 4261067, at *6 (D.D.C. Sept. 9, 2019), aff'd, 836 F. App'x 12 (D.C. Cir. 2021) ("[T]he fact that this document was publicly available does not obviate Plaintiff's discovery obligations. '[E]ven if a document is publicly available or in the opposing party's possession, a party must still disclose it under Rule 26(a)(1)(A) to provide notice of evidence central to its claims or defenses.'" (quoting *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 224 (D.D.C. 2015)). *See also, e.g.*, *Martino v. Kiewit N.M. Corp.*, 600 F. App'x 908, 911 (5th Cir. 2015) ("[E]ven if a document is publicly available or in the opposing party's possession, a party must still disclose it under Rule 26(a)(1)(A) to provide notice of evidence central to its claims or defenses."); *Whale Cap., L.P. v. Ridgeway*, No. CV 22-2570, 2023 WL 7220560, at *7 (E.D. La. Nov. 2, 2023) ("The mere fact that responsive information is publicly available does not prevent its discovery."); *In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2018 WL 6048262, at *5 (N.D. Ill. Nov. 19, 2018) ("Plaintiffs shall produce to Defendants responsive documents even if they are publicly available assuming they are in Plaintiffs' possession, custody, or control."). Moreover, this Request seeks a much wider universe of documents, and the communications and documents sought in this Request are highly relevant.

As to Plaintiff's burden argument, as already mentioned, Plaintiff's lack of resources is not a basis to withhold responsive documents in a case that Plaintiff initiated.

**REQUEST NO. 19: All communications between the Campaign and Phil Ehr concerning or referencing Grassroots Analytics, the July Services Agreement, the August Services Agreement, the Data Sharing Agreement, use of third-party donor lists, or either Campaign's text or email fundraising campaigns.**

*Plaintiff's Specific Objections: The information sought in this Request is irrelevant to the professional relationship between the Plaintiff and the Defendant, and thereby fails the threshold test for discoverability under Fed. R. Civ. P. 26(b)(1). The Plaintiff additionally asserts that this request is not proportional, both because items relating to this issue are of little or no relevance to the primary issues in this litigation and because the Plaintiff's resources are extremely limited, including having no staff (as noted in the General Objections), and the burden of searching for, identifying and reproducing "all communications between the Campaign and Phil Ehr" relating to the Defendant would far outweigh any probative value. See* Cherokee Nation v. U. S. Dep't of Interior*, 531 F.Supp.3d 87, 100-02 (reviewing all six proportionality factors).*

10

*Plaintiff's Response*: Documents reasonably responsive to this Request and relevant to this litigation will be produced by Plaintiff.

Your production as to this Request is nonresponsive, inadequate, and also contains indecipherable documents. The sole document you produced that actually appears to be a relevant communication is the screenshot of a text message, but it is not clear who the sender or custodian of the document is. You also produced five copies of agreements between Grassroots and the Campaign which are not at all responsive to this Request. And this production is demonstrably deficient because in response to Request #11 you produced an email chain between the Campaign and Phil Ehr concerning Grassroots, so clearly there do exist responsive documents, but you have produced none here.

Given your qualification that you will produce documents "responsive to this Request *and relevant to this litigation*," (emphasis added), it appears you have withheld documents you have deemed in your sole discretion and without further explanation irrelevant to this litigation. There is no basis to do so. All communications relating to Grassroots and its services, as specified in the Request, are relevant to this litigation.

**REQUEST NO. 20: All documents reflecting the formation of the Phil Ehr for Congress Campaign or the Phil Ehr for Senate Campaign, as well as their governing principles and practices, and initial capitalization.**

*Plaintiff's Response:* *Plaintiff's Response to this tripartite Request is as follows: Documents regarding F.E.C. filings relating to formation of the campaign committees are matters of public record and have been supplied in response to prior Requests; documents regarding initial capitalization are also on file with the F.E.C. and are matters of public record, and have been supplied in response to prior Requests; Plaintiff has no Documents relating to "governing principles and practices," which are areas subject to federal statutory law and F.E.C. guidelines.*

As to Plaintiff's Response that some of the documents sought by this Request are matters of public record, Grassroots reiterates, as explained above in connection with Request #18, the fact that documents may be publicly available does not absolve Plaintiff of the obligation to produce them, assuming these documents are in Plaintiff's possession, custody, or control.

Additionally, please clarify what you are referring to when you say F.E.C. filings have been supplied in response to prior Requests. You refused to produce any documents in response to Request 18, and have not produced any documents on this topic.

**REQUEST NO. 21: All communications with Katz Compliance and/or any other third-party offering campaign compliance services that relate to Grassroots Analytics, including but not limited to invoices You received from Grassroots Analytics.**

11

***Plaintiff's Specific Objections:*** *To the extent that this request seeks communications with attorneys or law firms, it blatantly seeks privileged communications which are thus not relevant or discoverable.*

***Plaintiff's Response:*** *Documents reasonably responsive to this Request and relevant to this litigation will be produced by Plaintiff.*

Given your qualification that you will produce documents "reasonably responsive to this Request and relevant to this litigation," it appears you have withheld documents that you have deemed are not reasonably responsive or relevant to this litigation. There is no basis to do so. All non-privileged communications relating to Grassroots and its services, as specified in the Request, are relevant to this litigation and should be produced.

\* \* \*

Please let us know your availability in the next two weeks to meet and confer regarding these issues. We also expect that you will correct the deficiencies identified above with respect to Request Nos. 1, 2, 3, 4, 6, 9, 10, 13, 14, 15, and 19 in your production as soon as possible and supply the complete set of responsive documents.

Best regards,

*/s/ K. Ali*

Katie Ali
Partner
katie.ali@alilockwood.com
(202) 651-2476