IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE,<br><br>*Plaintiff*,<br>v.<br><br>GRASSROOTS ANALYTICS, INC.,<br><br>*Defendant*.<br>GRASSROOTS ANALYTICS, INC.,<br><br>*Counterclaim-Plaintiff*,<br>v.<br><br>PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE; PHIL EHR FOR SENATE CAMPAIGN COMMITTEE; PHIL EHR (INDIVIDUALLY)<br><br>*Counterclaim-Defendants*. | Civil Action No. 1:24-cv-03035-APM |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff/Counterclaim-Defendant Phil Ehr for Congress Campaign Committee and the Phil Ehr for Senate Campaign Committee, Counterclaim-Defendant Phil Ehr, and Defendant/Counterclaim-Plaintiff Grassroots Analytics, Inc. (together, the "Parties"), may seek discovery or documents, information, or other materials, which may contain or relate to confidential, proprietary, or trade secret information of another party or third party;

IT IS HEREBY STIPULATED that the following Protective Order be entered in this Action:

1. **SCOPE**

1.1 "Designating Party" shall mean a party or non-party that designates information or items that it produces in disclosures, responses to discovery, or deposition testimony as

Confidential Information.

    1.2    "Confidential Information" shall mean and include any document, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided by or on behalf of a Designating Party (or any of their attorneys or other agents) ("Discovery Materials"), that contains non-public, confidential, or proprietary information, including but not limited to proprietary business information and trade secrets.

    1.3    Confidential Information shall not include any Discovery Material that: (a) have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the receiving party; or (b) may not under law be treated as confidential.

    1.4    Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

**2. DESIGNATING PROTECTED MATERIAL**

    2.1    <u>General</u>. Any Confidential Information provided by any Designating Party may be designated as "Confidential" under the terms of this Protective Order.

    2.2    <u>Manner of Designation</u>. The designation of Confidential Information (other than deposition transcripts, which are addressed separately herein) shall be made by the Designating Party by affixing the legend "CONFIDENTIAL" on each page containing any Confidential Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies.

    2.3    <u>Timing of Designation</u>. Any such Confidential designation shall be made at the time of disclosure, production, or tender.

2.4     <u>Inadvertent Failure to Designate</u>. An inadvertent failure to designate Confidential Information does not constitute a waiver of the Designating Party's right to secure protection under this Protective Order for such material. A Designating Party may so designate a document after such document has been produced by written notice to all parties, with the effect that such document is thereafter subject to the protections of this Protective Order.

2.5     <u>Objections to Designations</u>. A party may object to the designation of particular confidential information by giving written notice to the Designating Party. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the party challenging the designation to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion.

**3. ACCESS TO AND USE OF PROTECTED MATERIAL.**

3.1     <u>Disclosure of Confidential Information</u>. Information designated as "Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) the parties (including officers, directors, employees, insurers, counsel, and representatives of the parties)

(b) the parties' outside counsel of record in this action and employees of such counsel to whom it is necessary that the information be shown for purposes of this litigation;

(c) the Court, Court personnel, and stenographic and video reporters engaged in proceedings or otherwise employed incident to this Action;

(d) outside consultants, who are defined as persons who are neither a party nor an employee, officer, director, or representative of a party nor anticipated to become an employee, officer, director, or representative in the near future, and who are retained or employed as a bona fide outside independent consultant or expert for purposes of this litigation, whether full time or part time, by or at the direction of a party or its counsel;

(e) outside graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for court proceedings in this action, as well as outside copying service companies;

(f) non-technical jury or trial consulting services retained by counsel for a party;

(g) any other person only upon order of the Court or upon written consent of the party producing the Confidential Information.

All persons listed in this provision agree to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

3.2     Limited Use of Confidential Information. Confidential information, or the substance or content thereof, including any notes, memoranda, or other similar documents relating thereto, shall be used solely for purposes of this Action, and any appeals therefrom, and shall not be made available to any persons other than those persons permitted by the terms of this Protective Order to have access to such Confidential Information. Confidential Information shall be maintained by the receiving party under the overall supervision of outside counsel.

3.3     Storage of Confidential Information. Any person in possession of Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody, or use

of such Confidential Information to ensure that the confidential nature of the same is maintained.

       3.4    <u>Use of Confidential Information in Depositions</u>. When Confidential Information is discussed, quoted, or referred to in any deposition, the disclosing party shall ensure that only persons permitted by this Protective Order to have access to such Confidential Information are present, unless otherwise agreed to by the Parties on the record at the deposition. Any deponent may be shown or examined on any information, document or thing designated Confidential, provided the witness has signed a non-disclosure agreement in the form attached hereto as Exhibit A.

       3.5    <u>Designation of Confidential Information in Deposition Transcripts</u>. A party may designate any portion or all (if appropriate) of a deposition transcript containing Confidential Information by so advising the deposition reporter, or by advising all other parties in writing within thirty (30) calendar days after receiving the transcript. Until thirty calendar days have passed after receiving the transcript (herein referred to as the "Confidentiality Designation Period,"), that entire transcript shall be deemed to be Confidential Information. In the event either party desires to file any portion of a deposition transcript during the Confidentiality Designation Period, the party must provide three (3) calendar days notice of the excerpted material it wishes to file and allow the party to make written confidentiality designations during that time period. In the event of disagreement about the Confidential status of a deposition transcript it shall continue to be treated as Confidential until the Court rules otherwise.

**4. DURATION**.

All provisions of this Protective Order restricting the use of Confidential Information shall continue to be binding on the parties and all persons who have executed acknowledgment forms pursuant to this Protective Order, after the conclusion of this action, including all appeals, until the

Court rules otherwise or the parties agree otherwise in writing. Any and all originals and copies of Discovery Materials designated Confidential shall be returned to the Designating Party within sixty days after a final judgment herein or settlement of this Action, or, at the option of the Designating Party, destroyed in that time frame.

**5. PRESERVATION OF CERTAIN RIGHTS**

Nothing in this Protective Order shall be deemed an admission that (a) any Discovery Material designated as Confidential contains trade secrets or other confidential or proprietary information, or (b) that any information is subject to discovery.

**6. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION**

If Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party, and make every reasonable effort to retrieve such Confidential Information and to prevent further disclosure.

**7. FILING OF CONFIDENTIAL INFORMATION**.

If either party desires to file anything with the Court that has been designated by another party as Confidential Information, that party must file the Confidential Information as a restricted document in accordance with applicable Local Rules or Court standing orders, unless the Designating Party provides written consent in advance that filing the Confidential Information under seal is unnecessary.

**AGREED AS TO FORM AND SUBSTANCE:**

DATE: September 2, 2025         BY: _/s/ Daniel Press_____
                                Counsel for Phil Ehr for Congress Campaign Committee, Phil Ehr for Senate Campaign Committee, and Phil Ehr

DATE: September 2, 2025           BY<u>*:    /s/Kathryn M. Ali*</u>_____
                                  Counsel for Grassroots Analytics, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE,<br><br>*Plaintiff*,<br>v.<br><br>GRASSROOTS ANALYTICS, INC.,<br><br>*Defendant.*<br><br>GRASSROOTS ANALYTICS, INC.,<br><br>*Counterclaim-Plaintiff,*<br>v.<br><br>PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE; PHIL EHR FOR SENATE CAMPAIGN COMMITTEE; PHIL EHR (INDIVIDUALLY)<br><br>*Counterclaim-Defendants.* | Civil Action No. 1:24-cv-03035-APM |

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, being duly sworn, state that:

1. My present employer is _____ and my address or the address of my present employment is_____.

2. My present occupation or job description is _____.

3. I have read and understand the provisions of the Protective Order in the above-captioned action (hereinafter "Action") dated _____, and agree to be bound by its terms.

4. I further agree that I shall not disclose to others, except in accord with the Protective Order, any Confidential material in any form whatsoever, and that such material and the information contained therein may be used only for the purposes authorized by the Protective Order.

5. I further agree and attest to my understanding that my obligations with respect to Confidential material, as set forth in the Protective Order, will continue even after this Action concludes.

6. I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the Court in which this Action is pending on the effective date of this Agreement and any other court to which jurisdiction may be transferred for the purposes of any proceedings relating to enforcement of the Protective Order.

7. I declare under penalty of perjury that the foregoing is true and correct.

_____  _____
**Date**                         **Signature**

                                 _____
                                 **Print Name**