UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE,**
    **Plaintiff,**

v.

    Civil Action No.: 1:24-cv-03035-APM

**GRASSROOTS ANALYTICS, INC.,**
    **Defendant.**

## ANSWER TO COUNTERCLAIM

COMES NOW Plaintiff/Counter-defendant PHIL EHR, and for his Answer to the Counterclaim herein states as follows:

1. The Allegations of Paragraph 1 are denied.

2. The Allegations of Paragraph 2 are denied.

3. The Allegations of Paragraph 3 are admitted.

4. The Allegations of Paragraph 4 are denied as stated. While Mr. Ehr was involved in the formation of the Committee, it was not "formed by" him nor was it operated by him. The Congressional Committee is not the successor to or an affiliate of the Senate Committee; they are the same entity with a change of name.

5. The Allegations of Paragraph 5 are denied as stated. While Mr. Ehr was involved in the formation of the Committee, it was not "formed by" him nor was it operated by him. The Senate Committee does not presently have a registered business address in the District of Columbia.

6. The allegations of the first sentence of Paragraph 6 are denied. The second sentence is admitted.

7. Paragraph 7 is Admitted as to this Counter-Defendant. Otherwise denied that the Counterclaim as to Mr. Ehr is compulsory.

8. Paragraph 8 is Denied as to this Counter-defendant.

9. Paragraph 9 is admitted.

10. Paragraph 10 is admitted, except that it is denied that it was for the personal benefit of Mr. Ehr, nor with his knowledge.

11. Paragraph 11 is admitted.

12. Paragraph 12 is admitted, but denied that the late fee provisions are valid or enforceable, or "specific".

13. Paragraph 13 is admitted.

14. The allegations of Paragraph 14 are denied.

15. The allegations of Paragraph 15 are admitted, except that it is denied that the invoice was for services provided.

16. The allegations of Paragraph 16 are admitted, except that it is denied that the invoice was for services provided.

17. The allegations of Paragraph 17 are admitted, except that it is denied that the invoice was for services provided.

18. The allegations of Paragraph 18 are admitted, except that it is denied that the late fees were in fact incurred.

19. The allegations of Paragraph 19 are admitted, except that it is denied that the late fees

were in fact incurred.

20. The allegations of Paragraph 20 are denied.   The report states "Digital List Acquisition, Disputed, Not an admission of liability; no waiver".

21. Admitted that Counter-Defendants have not paid and that repeated requests have been made; otherwise Paragraph 21 is denied.

22. The allegations of Paragraph 22 are denied.

23. The allegations of Paragraph 23 are admitted.

24. The allegations of Paragraph 24 are denied; the Committee changed its name.

25. The allegations of Paragraph 25 are denied.

26. The allegations of Paragraph 26 are denied.

27. The allegations of Paragraph 27 are denied.

28. The allegations of Paragraph 28 are denied.

29. The allegations of Paragraph 29 are denied.

30. The foregoing responses are hereby incorporated.

31. The allegations of Paragraph 31 are denied, but admitted that Mr. Ehr made the announcement in July 2023.

32. Denied as stated; Mr. Ehr himself did not form the Committee.

33. Admitted, except denied that it was with Mr. Ehr's knowledge.

34. Denied that it was for the personal benefit of Mr. Ehr.

35. Denied.

36. The second portion is admitted; but no benefits were received.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. The foregoing responses are hereby incorporated.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

Counter-Defendant PHIL EHR hereby denies each and every allegation not expressly admitted, and denies that Counterclaimant is entitled to the relief requested, or any relief.

Separate and Affirmative Defenses

    1.    Counterclaimant materially breached the contract, excusing any performance by Counter-Defendant thereunder.

    2.    The Counterclaim fails to state a claim on which relief may be granted.

    3.    Counterclaimant's claims may be barred in whole or in part because the alleged contract terms underlying its claims are too indefinite to be enforceable.

4.	All of Counterclaimant's claims necessarily fail, since Grassroots Analytics drafted the subject agreement in toto, said party pled in its Sixth Affirmative Defense that the contract's terms are "too indefinite to be enforceable," and all contractual ambiguities are construed against the drafter of the agreement.

5.	Counterclaimant's claims may be barred in whole or in part by the doctrines of waiver, laches, and estoppel.

6.	Counterclaimant's claims may be barred in whole or in part because Counterclaimant would be unjustly enriched if allowed to recover any portion of the damages alleged in the Counterclaim.

7.	Counterclaimant's claims may be barred by fraud.

8.	Counterclaimant's claims may be barred by the doctrine of unclean hands or in pari delicto

9.	This Court lacks personal jurisdiction over Mr. Ehr.

10.	Lack of privity of contract.
.

WHEREFORE, Counter-Defendant PHIL EHR respectfully requests that the Counterclaim be dismissed and that Counterclaimant take nothing thereon.

DATED : **September 9, 2025**

Respectfully submitted,

*/s/ Daniel M. Press*
Daniel M. Press
D.C. Bar No. 419739
CHUNG & PRESS, P.C.
6718 Whittier Avenue, # 200
McLean, VA 22101
Ph. # 703-734-3800
Fax # 703-734-0590
dpress@chung-press.com