# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| **PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE,** | ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) **Case No. 24-cv-3035 (APM)** |
| **GRASSROOTS ANALYTICS, INC.,** | ) ) ) |
| **Defendant.** | ) ) |

---

| | |
|---|---|
| **GRASSROOTS ANALYTICS, INC.,** | ) ) |
| **Counterclaim-Plaintiff,** | ) ) |
| **v.** | ) ) |
| **PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE; PHIL EHR FOR SENATE CAMPAIGN COMMITTEE; PHIL EHR,** | ) ) ) ) |
| **Counterclaim-Defendants.** | ) ) |

---

## <u>ORDER</u>

Following the Post-Discovery Conference held on October 29, 2025, the court orders the following with regard to further proceedings in this matter:

I.   <u>Scheduling</u>

    A.   Defendant-Counterclaimant's Motion for Summary Judgment shall be filed on or before **December 18, 2025**;

    B.   Plaintiff/Counter-defendants' Opposition to Defendant-Counterclaimant's Motion for Summary Judgment shall be filed on or before **January 15, 2026**; and

C.     Defendant-Counterclaimant's Reply in Support of their Motion for Summary Judgment shall be filed on or before **January 29, 2026**.

**The parties may not extend any of the above deadlines by stipulation; instead, the parties must seek an extension by motion. Motions to extend deadlines shall indicate whether any previous extensions were requested.**

II.     <u>Summary Judgment</u>

A.     Parties shall comply with Local Civil Rule 7(h), which requires each party submitting a motion for summary judgment to attach thereto a statement of material facts for which the party contends there is no genuine dispute. The movant's statement shall be organized in numbered paragraphs, each containing only one fact assertion. For each fact assertion, the moving party shall include a precise citation to the portion(s) of the record(s) upon which the party relies in fashioning the assertion.

B.     Each party opposing the motion shall, in turn, submit a statement responding to each material fact presented in the statement of the moving party. The opposing party's responsive statement shall be organized in numbered paragraphs that correspond with those in the statement submitted by the moving party. In each paragraph, the opposing party shall (1) quote verbatim the undisputed material fact asserted by the moving party; and (2) immediately below that quotation, indicate whether the asserted fact is admitted or denied. If a fact assertion is denied or admitted only in part, the party shall explain the basis for the denial and support it with a specific citation to the record.

C.     If an opposing party wishes to present additional undisputed material facts not addressed in its response, it shall identify such facts in consecutively numbered paragraphs at the end of its responsive statement of facts. If additional fact allegations are made by the non-movant, the moving party shall file a responsive statement of its own with its reply brief in the format set forth in paragraph B.

D.     The court may treat as admitted facts identified by the moving party in its statement of material facts that are not controverted in the opposing party's responsive statement.

E.     Any brief in excess of 15 pages shall include a table of contents and a table of authorities.

III.    <u>Settlement</u>

The parties are expected to continue to evaluate their respective cases for purposes of settlement.  The court encourages the use of alternative dispute resolution—*e.g.*, mediation or neutral case evaluation.  The use of these methods is available at any time, as is a settlement conference before a magistrate judge.  If the parties are interested in pursuing these options, they may contact chambers at any time.

Dated:  October 30, 2025

Amit P. Mehta
United States District Judge