IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE,<br><br>  *Plaintiff*,<br> v.<br><br>GRASSROOTS ANALYTICS, INC.,<br><br>  *Defendant*.<br><br>GRASSROOTS ANALYTICS, INC.,<br><br>  *Counterclaim-Plaintiff*,<br> v.<br><br>PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE; PHIL EHR FOR SENATE CAMPAIGN COMMITTEE; PHIL EHR (INDIVIDUALLY)<br><br>  *Counterclaim-Defendants*. | Civil Action No. 1:24-cv-03035-APM |

**REPLY IN SUPPORT OF DEFENDANT & COUNTERCLAIM-PLAINTIFF GRASSROOTS ANALYTICS, INC.'S MOTION FOR SUMMARY JUDGMENT**

  Counterclaim-Defendant Phil Ehr for Congress Campaign Committee does not oppose Grassroots' motion for summary judgment on the Campaign's claims, and agrees in its Response Brief that summary judgment against it on Grassroots' breach of contract claim is appropriate. Countercl.-Def. Phil Ehr's Resp. to Counterclaimant's Mot. for Summ. J. at 1 (Feb. 2, 2026), ECF No. 48 ("Opp."). For that reason, and those articulated in Defendant & Counterclaim-Plaintiff Grassroots Analytics, Inc.'s Memorandum in Support of its Motion for Summary Judgment (Dec. 18, 2025), ECF No. 43-2 ("Mem."), Grassroots respectfully requests that this Court enter judgment for Grassroots on both Grassroots' breach of contract claim against the Campaign and the Campaign's breach of contract and rescission claims against Grassroots.

1

The Campaign says in its brief that its decision to concede summary judgment was based on information learned "at the time of the deposition of David Keith," the Campaign's former manager. Opp. at 1. That deposition took place nearly five months ago. Even worse, all of the information covered during Mr. Keith's deposition was produced to the Campaign by, at the latest, August 4, 2025. The Campaign does not explain why at that point—or at any other point in the past six months—it did not inform Grassroots that it intended to abandon its claims against Grassroots or that it would not oppose judgment on Grassroots' counterclaims. During those intervening months, Grassroots has been forced to needlessly incur significant legal costs and expend hundreds of hours to defend against the Campaign's claims and pursue its own counterclaims—including preparing for and taking two additional depositions, preparing to defend two Grassroots witnesses at their depositions (which the Campaign cancelled the day before they were set to take place), and briefing a summary judgment motion accompanied by 100 exhibits.[1]

Grassroots does not wish to expend any more resources than necessary on this case—which has caused an enormous waste of party and judicial resources—and so does not intend to seek sanctions at this time. For the same reason, Grassroots will not make any further arguments in this reply in support of its claims for breach of contract (and in the alternative, unjust enrichment) against Phil Ehr in his personal capacity, and instead rests on the facts and arguments laid out in

---

[1] Although the July Services Agreement theoretically entitles Grassroots to collect attorneys' fees associated with this case, *see* Statement of Undisputed Material Facts ¶ 23 (Dec. 18, 2025), ECF No. 43-1, Ehr has spent down most of the Campaign's funds, such that Grassroots will be unable to collect on most of any judgment obtained, *see* Countercl.-Def. Phil Ehr's Mot. to Extend Disc. Deadline at 2 (Aug. 1, 2025), ECF No. 32 (Campaign representing that it "does not have the funds to pay any judgment"); *see also* Def. & Countercl.-Plf. Grassroots Analytics, Inc.'s Mem. in Supp. of its Mot. for Summ. J. (Dec. 18, 2025), ECF No. 43-2 at 14–15.

its Memorandum in Support of its Motion for Summary Judgment, Mem. at 10–18,[2] and its Statement of Undisputed Material Facts (Dec. 18, 2025), ECF No. 43-1.

## CONCLUSION

For the foregoing reasons, and those stated in Defendant & Counterclaim-Plaintiff Grassroots Analytics, Inc.'s Memorandum in Support of its Motion for Summary Judgment, Grassroots respectfully requests that the Court grant judgment to Grassroots on (i) its breach of contract claim against the Campaign, (ii) the Campaign's breach of contract and rescission claims, and (iii) its breach of contract claim (or, alternatively, its unjust enrichment claim) against Phil Ehr.

DATED: February 17, 2026                               Respectfully Submitted,

By: /s/ *Elizabeth C. Lockwood*
Kathryn Ali (D.C. Bar No. 994633)
Elizabeth Lockwood (D.C. Bar No. 1029746)
Arianna Zoghi (D.C. Bar No. 90036562)
ALI & LOCKWOOD LLP
501 H Street NE, Suite 200
Washington, D.C. 20002
(202) 651-2475
katie.ali@alilockwood.com
liz.lockwood@alilockwood.com
arianna.zoghi@alilockwood.com

Mark A. Lancaster (D.C. Bar No. 1620256)
General Counsel,
Grassroots Analytics, Inc.
mlancaster@grassrootsanalytics.com

*Counsel for Defendant-Counterclaimant Grassroots Analytics, Inc*

---

[2] Grassroots recently filed an errata notice and an updated Memorandum in Support of its Motion for Summary Judgment due to an inadvertent citation error, which caused some of the citations to the Statement of Facts to be off by one digit. See Notice of Errata (Feb. 17, 2026), ECF No. 49.