**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE,**<br><br>  **Plaintiff,**<br><br>  **v.**<br><br>**GRASSROOTS ANALYTICS, INC.,**<br><br>  **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   **Case No. 24-cv-3035 (APM)** <br> ) <br> ) <br> ) <br> ) |
| **GRASSROOTS ANALYTICS, INC.,**<br><br>  **Counterclaim-Plaintiff,**<br><br>  **v.**<br><br>**PHIL EHR FOR CONGRESS CAMPAIGN COMMITTEE; PHIL EHR FOR SENATE CAMPAIGN COMMITTEE; PHIL EHR,**<br><br>  **Counterclaim-Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**<u>ORDER</u>**

This is a breach of contract dispute in which Defendant/Counterclaim-Plaintiff Grassroots Analytics, Inc. seeks to recover unpaid fees for text-messaging fundraising services that it provided to Counterclaim-Defendant Phil Ehr's ("Ehr") campaign for Congress. Plaintiff/Counterclaim-Defendant Phil Ehr for Congress Campaign Committee ("Campaign") originally sued Grassroots, seeking "recission" of the agreement or, alternatively, damages for breach of contract. Compl., ECF No. 1, at 9–12. Grassroots in turn counterclaimed against both the Campaign and Ehr

individually for breach of contract or, alternatively, unjust enrichment. Grassroots' Answer, Affirmative Defenses, and Counterclaims, ECF No. 4, at 14–17.

Grassroots then moved for summary judgment as to both its claims and the Campaign's. Grassroots' Mot. for Summ J., ECF No. 43 [hereinafter Grassroots' Mot.]. It sought to hold Ehr individually liable as the Campaign's "alter ego." Grassroots' Corrected Mem. in Support of Grassroots' Mot., ECF No. 49-1, at 10–18. In response, the Campaign conceded to entry of summary judgment against it. *See* Ehr's Resp. to Grassroots' Mot., ECF No. 48 [hereinafter Ehr's Resp.], at 1 (conceding the Campaign "does not oppose summary judgment dismissing its complaint and for judgment"). Ehr, however, opposed, arguing that he could not be held individually liable under an alter ego theory. *See id.* at 2–8. He submitted a declaration in support. *See* Ehr's Resp., Decl. of Phil Ehr in Opp'n to Mot. for Summ. J., ECF No. 48-1 [hereinafter Ehr Decl.].

Given the Campaign's concession, the court hereby enters summary judgment in favor of Grassroots on its breach of contract claim against the Campaign and the Campaign's recission and breach of contract claims. The court, however, denies Grassroots' motion insofar as it seeks judgment on its alternative theory of unjust enrichment. *See In re APA Assessment Fee Litig.*, 766 F.3d 39, 46 (D.C. Cir. 2014) ("Unjust enrichment will not lie when the parties have a contract governing an aspect of their relation, because a court will not displace the terms of that contract and impose some other duties not chosen by the parties." (cleaned up)).

As to Ehr, the court denies Grassroots' motion. There remains a genuine dispute of material fact as to whether Ehr can be held liable as the Campaign's alter ego. *See Vuitch v. Furr*, 482 A.2d 811, 816 n.6 (D.C. 1984) ("It is an equitable doctrine, but the issue of whether the corporate veil should be pierced is properly submitted to a jury."); *U.S. ex rel. Miller v. Bill Harbert Int'l Constr.*,

No. 95-cv-1231 (RCL), 2007 WL 861094, at *1 (D.D.C. Mar. 20, 2007) ("In light of the fact-specific nature of the determination, the Court finds that an alter ego analysis is a matter for the jury."). Ehr's Declaration, for instance, raises questions about the extent of his day-to-day control over the Campaign and contests that he intermingled campaign and personal funds. *See generally* Ehr Decl. The court therefore cannot conclude, as matter of law, that Ehr so dominated the Campaign "as in reality to negate its separate personality." *Founding Church of Scientology of Wash., D. C., Inc. v. Webster*, 802 F.2d 1448, 1452 (D.C. Cir. 1986) (citation omitted).

For the foregoing reasons, Grassroots' Motion for Summary Judgment, ECF No. 43, is granted in part and denied in part. The parties shall appear for a remote status conference on June 8, 2026, at 9:15 AM to discuss a schedule for future proceedings. If Grassroots does not wish to proceed to a trial against Ehr, the parties (including the Campaign) shall file a Joint Status Report by June 4, 2026, which advises how they intend to resolve this matter.

Dated: May 27, 2026

_____
Amit P. Mehta
United States District Judge

3